No. 20,008.

Louis F. Neiheisel *v.* James F. Malone, et al.
(375 P. [2d] 197)

Decided October 8, 1962.   Rehearing denied October 29, 1962.

Mr. H. A. Nikkel, for plaintiff in error.

Messrs. Richeson and Lawler, for defendants in error.

*In Department.*

Opinion by Mr. Justice Moore.

We will refer to the parties by name or as they appeared in the trial court where plaintiff in error was defendant and defendants in error were plaintiffs.

Defendant seeks reversal of judgments rendered in the trial court in favor of: James F. and Dorothea Malone for $6,000.00; Hugo and Dorothy Brocia for $1,000.00; John C. and Susan Greathouse for $2,000.00; and Donald and Charlene Staples for $2,000.00.

It is alleged in the complaint that the plaintiffs suffered damages in the sum of $11,000.00 as a result of false and fraudulent representations made to them by the defendant in connection with the sale of stock in the Taylor Chemical Corporation. All allegations of the complaint were denied by defendant. The case was tried to the court, after which judgment was entered as above indicated.

Among the grounds asserted by defendant for reversal is that there was no evidence to establish the damages allegedly sustained by plaintiffs. The trial court entered judgment in favor of each of the plaintiffs for the exact amount which they paid for the stock. A very substantial portion of the evidence introduced at the trial was hearsay and, if objection had been made, should have been excluded.

The business for which the Taylor Chemical Corporation had been organized was the manufacture and sale of a liquid fertilizer known as "Gro-Ano." This fertilizer was to be made from bat guano to be mined from bat caves located in Arizona, on which the corporation allegedly held leases.

The evidence, including the hearsay received without objection, discloses the following: (1) That the corporation owned leases on bat guano caves in Arizona. (There is no evidence that these leases were without value.) (2) That sixty tons of bat guano had been mined and shipped to Tucson, Arizona. (There is no evidence as

to what the value of that shipment was, or that it was without value to the corporation.) (3) That sixty tons of bat guano would formulate 668,000 bottles of bat guano fertilizer. (There was no evidence as to the value of that quantity of fertilizer nor of the cost of production, other than the statement of one of plaintiffs' witnesses that the fertilizer was a "fabulous product.") (4) Some advertising matter had been obtained by the corporation. (There was no evidence as to what the cost of the same was nor of its value, if any, to the corporation.) (5) There was evidence that a substantial number of bottles of the finished product were in existence, but the witnesses did not know how many; nor did anyone fix a value thereof. (6) There was evidence that shares of stock had been sold in addition to those sold to the plaintiffs. (There was no evidence that funds derived from sales of stock had been dissipated or converted.) There was no evidence of unpaid bills rendering the corporation insolvent, nor of the value of any assets of the corporation, and for aught appearing from the record the stock of the corporation may have a substantial value.

Plaintiffs all admitted that they made no effort to discover what value the stock had, if any, when they received it, or whether it could be sold or had a market or speculative value. In this action, based on fraud and deceit, there was no competent evidence before the trial court as to damages sustained by plaintiffs. It was not an action for rescission of a contract by which the plaintiffs might, in appropriate circumstances, recover their original investment.

This court has held that the measure of damages for false representation in the sale of property is the difference between the actual value at the time of purchase and what its value would have been had the representation been true. *Chandler v. Ziegler, et al.,* 88 Colo. 1, 291 Pac. 822; *Herfort v. Cramer,* 7 Colo. 483, 4 Pac. 896; *Nielsen v. Hansford,* 78 Colo. 456, 242 Pac.

677; *Otis and Company v. Grimes*, 97 Colo. 219, 48 P. (2d) 788.

Assuming that material false representations were made by defendant, plaintiffs had the option of electing to rescind the purchase transaction and sue for their money back, or to sue for damages for the fraud. They elected to sue for damages.

The record is barren of evidence as to the value of the stock received by these plaintiffs, nor is there any evidence of what, if anything, the stock might have been worth had the representations been true.

The judgment is reversed and the cause remanded with directions to dismiss the action.

MR. JUSTICE SUTTON and MR. JUSTICE HALL concur.