CY MANNING *v.* JOHN POUNDS ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 14-621-6655

Argued June 10—decided December 9, 1963

*Richard N. Ziff,* of Hartford, for the appellant (plaintiff).

*George S. Linardos,* of Hartford, for the appellees (defendants).

DEARINGTON, J. This action was brought to recover damages against John Pounds and Lillie Pounds, husband and wife, for breach of contract. The defendants denied the allegations and by way

of special defense allege fraud and further filed a counterclaim for damages consisting of legal expenses claimed to have been incurred in their defense. The court rendered judgment for the plaintiff, and the plaintiff has appealed.

In his assignment of errors the plaintiff claims that the court erred in refusing to correct its finding by adding certain facts and striking other facts, and further in reaching certain of its conclusions. Most of the corrections sought relate to the damages claimed by the plaintiff, particularly to loss of profit and to a commission paid by the plaintiff to his assistant.

The facts may be summarized as follows: On October 25, 1961, the plaintiff and defendants entered into a written contract providing for the re-siding of the outside walls of a house owned by the defendant Lillie Pounds. The agreement not only provided for cost of labor and material but also for the discharge of a second mortgage on the property. Payment for the performance of the contract was to be secured by a new second mortgage. The total cost was $3373.50, of which $1200 was to pay off the old mortgage. The plaintiff was engaged in similar work in the neighborhood and had discussed the matter with Mrs. Pounds on several occasions. David Johnson was a salesman employed by the plaintiff. On at least one occasion Johnson, unaccompanied by the plaintiff, discussed a contract with Mrs. Pounds. A contract was executed, and about a week later the defendants notified the plaintiff that they would not permit the work to be done. As a result, no work was performed by the plaintiff and no materials were brought to the property. The defendants made no payment to the plaintiff, but the plaintiff paid David Johnson a commission of $300 for assisting him to obtain the

contract. Paragraph five of the contract provided for liquidated damages.

The court reached the following conclusions. The contract was valid and binding upon the parties. The contract was breached by the defendants, and they are liable in damages. The plaintiff was the procuring cause of the execution of the contract and not David Johnson. There was no intent by the parties to liquidate damages in advance, and the claim relating to liquidated damages is vague, uncertain and penal in nature. The actual damages recoverable by the plaintiff are the reasonable value of the services rendered by David Johnson. The reasonable value of such services was $60. A reasonable attorney's fee was 30 percent of that amount, or $18. The total amount due the plaintiff is $78. A judgment was rendered for the plaintiff in that amount.

The consideration of error here is not concerned with the failure to find facts but rather whether on the facts found there was a correct application of the law pertaining to the measure of damages. The court found that the plaintiff was entitled to recover for his actual damage. The provisions of the clause relating to liquidated damages were held to be a penalty. *Politziner* v. *Vanech,* 101 Conn. 265, 279. Thus recovery was limited to actual damage, and if no damage was proven no recovery may be had. *May* v. *Young,* 125 Conn. 1, 9; 5 Corbin, Contracts, p. 303. "Actual or compensatory damages, the terms being synonymous, are damages in satisfaction of, or in recompense for, loss or injury sustained. Either term covers all loss recoverable as a matter of right and includes all damages other than punitive or exemplary damages." 15 Am. Jur. 397, Damages, § 9. Actual damages may be general or special. *Tomlinson* v. *Derby,* 43 Conn. 562, 567.

General damages, which are distinguished from special damages in that such damages are the natural and proximate effects of the wrongful act charged, need not be specially alleged. *Bristol Mfg. Co.* v. *Gridley,* 28 Conn. 201, 212. "The general intention of the law giving damages in an action for the breach of a contract is to put the injured party, so far as it can be done by money, in the same position as he would have been in if the contract had been performed." *Bachman* v. *Fortuna,* 145 Conn. 191, 194. Loss of profits in an action for breach of contract is recoverable if the profits are definite and certain and the loss results from the defendant's breach. *Cohn* v. *Norton,* 57 Conn. 480, 493. Upon the breach here, the defendants became liable for such fair compensation as was reasonably within the contemplation of the parties; and this was the reasonable profits of the contract. *Tompkins, Inc.* v. *Bridgeport,* 94 Conn. 659, 682; *Shopper Publishing Co.* v. *Skat Co.,* 90 Conn. 317, 322; *Comstock* v. *Conn. Ry. & Lighting Co.,* 77 Conn. 65, 67. If profits are excluded in estimating the damages for the breach of a contract, it is generally because they do not meet the requirements of certainty or because their loss could not be considered as reasonably within the contemplation of the parties. 1 Sutherland, Damages (4th Ed.), p. 227. Since the finding is not clear as to the court's consideration, if any, of this element, we have consulted the memorandum of decision, which under our rules becomes a part of the record on appeal. Practice Book, 1963, § 992. In its memorandum, the court stated that the plaintiff was entitled to actual damage and that such damage was limited to the money expended in payment of the commission; in short, the court concluded that the measure of damages could go no further than money expended by the plaintiff. This is not the measure of damages which

should have been applied. *Shopper Publishing Co.* v. *Skat Co.*, supra. In thus limiting recovery to the actual services rendered, the court was in error.

The plaintiff further contends that the court, having found that he paid a commission amounting to $300, should have awarded him that amount. In awarding him a lesser amount, the court found that Johnson was "not the procuring cause of the execution of the contract" and therefore the plaintiff was not entitled to the full amount he paid Johnson. It is evident from the finding that Johnson's services were rendered prior to the execution of the contract. Furthermore, there was no finding that the contract contained a provision for the payment of such a commission. Moneys paid, such as a commission, prior to the execution of a contract are generally not recoverable unless there is some connection between the payment and the breach of the contract. *Empire Realty Corporation* v. *Sayre*, 105 App. Div. 415, 423 (N.Y.). "Money spent in procuring a contract cannot be treated as an expense of performance of that contract or recoverable as damages for its breach." *Linde* v. *Ellis*, 224 Ky. 649, 651; see *Goodell* v. *Accumulative Income Corporation*, 185 Minn. 213, 219. Expenditures, if awarded as damages, must have been incurred "towards performance." *Tompkins, Inc.* v. *Bridgeport*, 94 Conn. 659, 682. The intention of the law is that damages for such expense incurred prior to the making of the contract are generally recoverable only if the defendant has agreed to pay such expense or such expense is connected with the breach. Nothing in the finding indicates that either of these conditions was met, and it follows that the plaintiff was not entitled to recover for any money paid by him to Johnson as a commission. See 5 Corbin, Contracts § 1034. It is apparent that the wrong rule of damages was applied here.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the plaintiff to recover such damages as he may prove on a new trial limited to the issue of damages.

In this opinion KOSICKI and KINMONTH, Js., concurred.