PERFORMANCE MOTORS, INC. v. ALVA JANE RIGGS ALLEN

No. 714SC219

(Filed 26 May 1971)

Uniform Commercial Code § 20— breach of warranty — damages — instructions

> In instructing the jury on damages arising out of a breach of warranty, the trial court erred in refusing to give instructions that complied with the applicable statute. G.S. 25-2-714(2).

APPEAL by plaintiff from *Parker, Judge,* October 1970 Term, JONES County Superior Court.

Plaintiff instituted this action seeking to recover the unpaid balance of a promissory note, executed by defendant as part consideration for the purchase of a mobile home and secured by a security interest in the mobile home. Plaintiff alleged that defendant had made two monthly payments and has failed, neglected and refused to make any more monthly payments as they became due.

Defendant counterclaimed, alleging breach of warranty in that the mobile home was unfit and unserviceable for use as a home. Defendant alleged that, as a result of the breach of the implied warranty of fitness, she elected to rescind the contract prior to the institution of the present action, and sought the return of her down payment on the purchase price.

Plaintiff repossessed the mobile home through claim and delivery proceedings and sold it at public auction, receiving $9,115.00 for the home. This was applied to the $10,000.00 that plaintiff alleged was still owing and plaintiff stipulated that if defendant owes it anything on the mobile home, she would not owe more than $855.00. Defendant stipulated that in no event was she entitled to more than $4,514.23, that being the amount of her down payment and two monthly payments plus expenses incurred in connecting the sewer lines and the electricity.

The case was submitted to the jury on issues as follows:

"1. What amount, if any, is the defendant indebted to the plaintiff?

2. Did the plaintiff breach the contract as alleged in the answer?

3. If so, what amount, if any, is the plaintiff indebted to the defendant?"

The jury returned a verdict in favor of defendant, finding that defendant was not indebted to plaintiff, that plaintiff did breach the contract and that plaintiff is indebted to defendant in the amount of $4,000.00 plus interest. From a judgment entered in accordance with the verdict, plaintiff appeals to this Court.

*Darris W. Koonce for plaintiff appellant.*

*Brock & Gerrans by Donald P. Brock for defendant appellee.*

CAMPBELL, Judge.

Plaintiff's Assignment of Error No. 4 is to the refusal of the trial judge to give a requested special instruction on the issue of damages. Plaintiff requested the court to charge on the issue of damages as follows:

"Ordinarily, the measure of damages for breach of warranty in the sale of personal property is the difference between the market value of the goods at the time and place of delivery, as delivered, and such value if the goods had complied with the warranty. Special damages may be recovered provided they were within the contemplation of the parties at the time the contract was executed, and are properly pleaded. Where the purchaser does not allege the reasonable value of the chattel as warranted and its reasonable value as delivered, the damages are restricted to special damages pleaded and proved."

The trial judge refused to give this special instruction and instead charged the jury on the damage issue as follows:

"Now, the court instructs you that the measure of damage on this issue, if you come to consider this issue, is as follows: Ordinarily the measure of damage to the contract is the amount of loss which a party to a contract would naturally and probably suffer from its non-performance and which would in the minds of the parties at the time of its making reasonably and proximately flow from the breach of contract. . . . "

---

---

Some several pages later in the charge the trial judge instructed the jury on the measure of damages again as follows:

"Now, the court instructs you that the measure of damage there is the amount which the parties to a contract or the party, the defendant, would naturally and probably suffer by reason of the non-performance of the contract and which would reasonably and proximately flow from the breach of the contract, that being the measure of damage, that is, ladies and gentlemen, the defendant says and contends that you should reach this issue and you should answer this issue while the plaintiff says you should not reach this issue, but if you do, you should answer this issue in some amount much less than asked by the defendant."

The evidence on behalf of the defendant tended to show numerous defects in the mobile home, particularly with regard to the installation thereof on her property; but there was no evidence that the defendant ever attempted to rescind the contract. In fact, the evidence discloses that the defendant occupied the mobile home for some eight months and until the plaintiff repossessed it by claim and delivery proceedings.

We are of the opinion that it was error for the trial judge to refuse the plaintiff's request for instructions. The charge as given by the trial judge does not comply with the requirements of G.S. 25-2-714(2), which states:

"(2) The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount."

The instruction requested by the plaintiff incorporated the statutory elements. The charge as given by the trial judge did not comply with the law on the measure of damages and, in fact, did not give the jury any guidance.

Plaintiff assigned other errors in the trial, but as a new trial is necessary, we will refrain from discussing those assignments as they may not occur again.

New trial.

Judges BRITT and GRAHAM concur.