486 P.2d 477 (1971)
LEO PAYNE PONTIAC, INC., Plaintiff in Error,
v.
Joe RATLIFF and Jean Ratliff, Defendants in Error.
No. 70-148.
Colorado Court of Appeals, Div. I.
April 20, 1971.
Rehearing Denied May 11, 1971.
Certiorari Granted July 6, 1971.
*478 Mancini & Lowery, Philip E. Lowery, Denver, for plaintiff in error.
William Pehr, Westminster, for defendants in error.
Selected for Official Publication.
COYTE, Judge.
The parties appear in reverse order from their position at trial but shall be referred to as they appeared below or by name.
This action originated out of the sale of an automobile by defendant to the plaintiffs in August 1968. In the complaint it was alleged by plaintiffs that the defendant had sold them a 1968 Pontiac representing it as a new automobile, when in fact it was known to be a damaged and used vehicle. Plaintiff sought both actual and exemplary damages.
Trial was to a jury, which returned a verdict for plaintiffs in the amount of $1500 actual damages, and $7500 exemplary damages. A motion for new trial was filed by the defendant alleging, among other things, that the damages were excessive. After hearing this motion, the court ordered the original judgment amended so as to give plaintiffs $1500 actual damages, but only $3500 exemplary damages.
Error by the defendant and cross-error by the plaintiffs has been brought to this court on appeal. The defendant asserts error on the grounds that the trial court permitted an alleged offer of compromise to be introduced into evidence; that the actual damages were not proven; and that the exemplary damages are excessive as a matter of law. Plaintiffs assert that the trial court erred in ordering remittitur of a portion of the exemplary damages.
We find no error to have been committed in admitting into evidence the alleged offer of compromise. When a party threatened with a lawsuit offers to settle out of court, such an offer may not be introduced into evidence for two reasons: First, such offers do not necessarily imply acknowledgment of liability on the part of the one making the offer, but merely represent an attempt to, "purchase the peace," and avoid the difficulty of legal proceedings. Donley v. Bailey, 48 Colo. 373, 110 P. 65. Second, there is also a strong policy of encouraging out-of-court settlements, and for this reason offers of compromise are not admissible because to do so would tend to discourage such attempts at settlement. Consolidated Oil & Gas, Inc., v. Roberts, 162 Colo. 149, 425 P.2d 282. Neither reason is applicable here.
The so-called offer occurred, according to defendant, when the plaintiffs, upon discovering damage to the vehicle, returned it to the defendant's lot and demanded a new car in its place. Admitting having caused the damage, the defendant offered to repair, but not to replace the vehicle. Such is not an offer of compromise. There was no showing of any pending suit at the time nor any showing that the purpose of offering to repair the vehicle was to avoid suit by the plaintiffs. Nor can defendant claim the offer was not an acknowledgment of liability, for at trial defendant admitted that it caused the damage to the vehicle. We conclude that this was not an offer of compromise but rather an acknowledgment of liability and was properly admitted by the court.
Next, defendant urges that the actual damages awarded ($1500) were unsupported by the evidence. We disagree.
It is clear that this vehicle was represented as new. The sticker affixed to it was one normally attached to a new, not used, vehicle. The invoice made out by the defendant listed it as a new vehicle. Plaintiff Joe Ratliff testified that the mileage on the odometer was approximately forty miles when he purchased it and that *479 plaintiffs paid the new car price for the car, although in fact it had been driven over 1300 miles.
As to actual damages, the defendant claims there was no competent evidence presented to substantiate a claim for $15,00. Plaintiff Joe Ratliff testified that the vehicle had a value of between $4000 and $4500 at the time of sale and not the value of $5871 which was actually paid. He based this on the fact that $1000 should be deducted from the new price because the vehicle was used, and another $500 should be deducted because of the damage to the fender and windshield. To buttress this assertion, plaintiffs point to the testimony of the defendant's president, Leo Payne, who testified that executive or demonstrator vehicles which are new vehicles that have been used and driven for a short period of time before sale, were being sold by the defendant for $1200 less than the list price. These statements, plus the undenied fact that the vehicle had been damaged before sale, lead to the conclusion that $1500 in actual damages represents the difference between the fair market value of the vehicle in its condition as delivered and its fair market value had it been new as represented. This figure arrived at by the jury under proper instructions is reasonable and is supported by the evidence.
The remaining question concerns the issue of exemplary damages. Plaintiffs maintain the trial court erred in remitting part of the exemplary damages awarded by the jury. We agree. The trial court entered judgment in September 1969 for exemplary damages of $7500. In denying defendant's motion for new trial, the court amended the judgment to award exemplary damages of only $3500.
The trial court in effect remitted $4000 of the jury verdict which it did not have authority to do under our rules of civil procedure. Under R.C.P. Colo. 59(a) (5), excessive damages are legitimate grounds for the granting of a motion for new trial, but this does not permit the trial court in a jury case to order remission. When presented in a motion for new trial with the assertion that the damages awarded were excessive, the trial court may order a new trial, or may offer the plaintiff the option of accepting a reduced judgment or facing a new trial. The record in this case does not disclose that such an election was offered plaintiffs, but merely that the court unilaterally ordered the judgment reduced.
The trial court, in remitting damages without offering plaintiffs the option of accepting this reduction or facing a new trial, acted outside the scope of its authority and its amended judgment is therefore void.
This brings forth defendant's final argument that the exemplary damages, whether one refers to the jury award or amended judgment, are excessive as a matter of law.
Exemplary damages are covered by statute, C.R.S.1963, 41-2-2, which recites:
"Exemplary Damages. In all civil actions in which damages shall be assessed by a jury for a wrong done to the person, or to personal or real property, and the injury complained of shall have been attended by circumstances of fraud, malice or insult, or a wanton and reckless disregard of the injured party's rights and feelings, such jury, in addition to the actual damages sustained by such party, may award him reasonable exemplary damages."
What are reasonable exemplary damages in Colorado is determined by reference to the actual damages awarded. Bolten v. Gates, 105 Colo. 571, 100 P.2d 145. In order to be entitled to exemplary damages, it is necessary for plaintiffs to prove that the defendant's misconduct caused them to suffer actual damages to their person or property. Failure to prove the existence of actual damages means that no exemplary damages may be recovered. Armijo v. Ward Transport. Inc., 134 Colo. 275, 302 P.2d 517.
Plaintiffs have firmly established that they suffered actual damages by reason of *480 defendant's misrepresentation as to the condition of the vehicle. Having established the existence of substantial damages and wilful misconduct on the part of the defendant, plaintiffs are entitled to exemplary damages. C.R.S.1963, 41-2-2.
The question then becomes what is the proper amount to be awarded in exemplary damages where $1500 actual damages have been awarded. There is no set or mathematical rule by which one may assess exemplary damages to be awarded, but each case must be approached on an individual basis tailoring the damages to fit the circumstances.
In doing so, we must look to the underlying policy considerations for allowing exemplary damages. The first factor to be considered is the fact that exemplary damages are not for the purpose of compensating the plaintiff. This has been done by the actual damages awarded. Rather, the basic reason for permitting exemplary damages in a private action is to fulfill a public function of both punishing the defendant for his intentional misconduct and of deterring both the defendant and others in its situation from committing the same act in the future. Ark Valley Alfalfa Mills, Inc. v. Day, 128 Colo. 436, 263 P.2d 815; Carlson v. McNeill, 114 Colo. 78, 162 P.2d 226.
Considering the exemplary damages awarded in this case in relation to the purpose of their award, we do not find them excessive as a matter of law. The act committed by defendant of misrepresenting a vehicle as being new, when it was actually used and damaged, is certainly one meriting exemplary damages as a punitive measure. The total amount, of course, must depend upon various factors, including the maliciousness exercised and the scope of misconduct, as well as the financial status of the individual defendant. Damages which may be punitive to one may be insignificant to another. Each case must be decided upon an individual basis in order that the exemplary damages may properly fit both the wrongful act committed and the individual defendant involved.
What exact amount of exemplary damages would be necessary to actually deter the defendant and others like it from committing such acts in the future is subject to debate. Considering the nature of the act, and the fact that defendant is a major franchise dealer, we cannot say as a matter of law that the award of exemplary damages was excessive or unreasonable in this case. The jury was charged with the responsibility of determining the proper amount of exemplary damages. No objection has been made to any of the instructions. After listening to all the evidence, the jury was certainly in the best position to pass upon the scope and extent of defendant's misconduct and to determine the amount necessary to act both as an effective punitive measure and an effective deterrent.
Judgment affirmed as to the $1500 actual damages; the court is instructed to reinstate the $7500 exemplary damage award.
DWYER and PIERCE, JJ., concur.