516 P.2d 445 (1973)
Constance M. ROGERS, Plaintiff-Appellant,
v.
CREST MOTORS, INC., Defendant-Appellee.
No. 73-180.
Colorado Court of Appeals, Div. II.
November 20, 1973.
Quiat & Quiat, P. C., James C. Bull, Denver, for plaintiff-appellant.
No appearance by defendant-appellee.
Not Selected for Official Publication.
COYTE, Judge.
Plaintiff appeals from a judgment dismissing her complaint wherein she sought to recover damages for fraud and breach of an express warranty in connection with the purchase of an automobile. We reverse.
In her complaint, plaintiff alleged that defendant, Crest Motors, Inc., misrepresented a demonstrator automobile as new and concealed the true mileage of the automobile, *446 and thereby induced plaintiff to purchase it.
The record discloses that on September 11, 1971, plaintiff and her fiance went to Crest Motors and took a Volvo 142-E for a test drive. The testimony is undisputed that at the time the odometer showed 32 miles. On the same day, plaintiff entered into an agreement to purchase the automobile at the factory-suggested list price of $4,268, and paid the excise tax required for new automobiles. The purchase agreement designated the automobile as "new." Delivery was scheduled for a few days later to allow time to prepare the automobile and repair a scratch on it. When the automobile was delivered, the salesman explained that the warranty book had been misplaced. However, plaintiff found the warranty book in the glove compartment, but before she could examine it the salesman took it from her hand.
The testimony with respect to disclosure that the automobile was a demonstrator is conflicting. Plaintiff testified that the salesman represented the automobile as new and she bought it with the understanding it was new. She testified that she did not know the vehicle had been used as a demonstrator until she received the warranty book in the mail a few weeks after delivery. The 1500-mile service stub had been removed, and when plaintiff's fiance examined the odometer under the dash, he discovered a sticker which indicated that the odometer had been rebuilt. Plaintiff's fiance testified that he accompanied her when she purchased the automobile, and that he heard no one say that it was a demonstrator. On the other hand, the salesman testified that he told plaintiff that the automobile was a demonstrator before she took it for a test drive. His statement was corroborated by another employee of Crest Motors. The owner and president of Crest Motors testified that the odometer was replaced under warranty when it broke after the car had been driven in excess of 1800 miles. He further testified that he and "everyone in the place" knew that the automobile had been driven by the sales manager and the odometer had been replaced.
When plaintiff and her attorney complained about the fact that the auto was a demonstrator, the sales manager of Crest Motors offered to rescind the transaction and return the parties to the status quo ante. Plaintiff stated that she was generally satisfied with the automobile and that she would agree to substitute a new automobile of the same model and year. However, that alternative was foreclosed by the fact that the Volvo 142-E was a limited-production automobile and the same model was no longer available to the dealer.
At the conclusion of the trial to the court, the trial judge made his findings of fact and dismissed the complaint. On appeal, plaintiff contends that the trial court erred as a matter of law in connection with her cause of action for fraud, failed to rule on her claim for breach of express warranty, and abused its discretion by refusing to allow her to amend her complaint.
In its findings of fact and conclusions of law with respect to fraud, the trial court stated:
"[The evidence] has got to be clear and convincing and you got to show that there was malice, and that it was done with a willful and wanton disrespect of the rights and feelings of the plaintiff or the injured party * * *
"So gentlemen, I am going to have to find in favor of the defendant and dismiss the plaintiff's case, because I think under the rules of fraud, the plaintiff has not proven all five elements of fraud by a clear and convincing evidence...."
The quantum of the proof now required in fraud cases is not that stringent. 1971 Perm.Supp., C.R.S.1963, 52-1-28, states: "A plaintiff in any civil action shall be required to prove his case by a preponderance of the evidence." The statute took effect on July 1, 1971, and the instant *447 case arose out of a transaction which occurred on September 11, 1971. Thus, the court erred by not applying the standard of proof required by the statute.
Also, the court considered defendant's offer to rescind the transaction a crucial factor in its denial of plaintiff's cause of action for fraud. The material elements of a cause of action for concealment of facts which amount to fraud were stated in Teodonno v. Bachman, 158 Colo. 1, 404 P. 2d 284, as follows:
"We have held that actionable concealment consists of (a) the concealment of a material existing fact which in equity and good conscience should be disclosed; (b) knowledge that one is concealing such a fact; (c) ignorance on the part of the one from whom such fact is concealed of the existence of the fact concealed; (d) intention that the concealment be acted upon; and (e) resultant damage."
As a factor in its conclusion that plaintiff failed to prove fraud, the trial court erred by taking into account the offer by Crest Motors to rescind the transaction. The plaintiff in an action for fraud has the option of electing to rescind the transaction and sue for the return of the purchase price, or to sue for damages for the fraud. See, e. g., Neiheisel v. Malone, 150 Colo. 586, 375 P.2d 197. However, the choice of remedy belongs to the one who has been defrauded, and the wrongdoer cannot force a choice upon the plaintiff. Barnes v. Eastern & Western Lumber Co., 205 Or. 553, 287 P.2d 929; Brockway v. Heilman, 250 Cal.App.2d 807, 58 Cal.Rptr. 772. Accordingly, the offer by Crest Motors to rescind the transaction had no bearing on whether plaintiff proved her case for fraud.
Plaintiff also alleged misrepresentation of the mileage on the odometer. The trial court made no specific finding on this issue. Courts recognize that misrepresentation of the mileage of an odometer may constitute fraud. Bill Dreiling Motor Co. v. Shultz, 168 Colo. 59, 450 P.2d 70; Sarwark Motor Sales, Inc. v. Husband, 5 Ariz.App. 304, 426 P.2d 404. See Leo Payne Pontiac, Inc. v. Ratliff, 29 Colo. App. 386, 486 P.2d 477, rev'd on other grounds, Colo., 497 P.2d 997. Indeed, a representation with respect to mileage traveled need not be verbal, and manipulation of the odometer to understate the mileage may constitute actionable conduct. Town & Country Chrysler-Plymouth v. Porter, 11 Ariz.App. 369, 464 P.2d 815; Jones v. West Side Buick Auto Co., 231 Mo.App. 187, 93 S.W.2d 1083; Osborn v. Gene Teague Chevrolet Co., 254 Or. 486, 459 P.2d 988; District Motor Co. v. Rodill, 88 A.2d 489 (D.C.Mun.App.).

II.
Plaintiff also contends that the court erred by failing to rule on her cause of action for breach of an express warranty. We agree. C.R.S.1963, XXX-X-XXX, provides that a seller creates an express warranty when he makes an affirmation of fact or promise which relates to the goods and becomes part of the basis of the bargain, or gives a description of the goods which is made part of the basis of the bargain.
It is not necessary that the seller specifically intend to create a warranty nor is it necessary to use formal words. C.R. S.1963, XXX-X-XXX, Official Comment 4, states, "[T]he whole purpose of the law of warranty is to determine what it is that the seller has in essence agreed to sell...." Accordingly, a buyer may recover for breach of an express warranty when the seller sells a used car as a new one or alters the odometer reading without informing the buyer. Fecik v. Capindale, 54 Pa. D. & C.2d 701, 10 U.C.C.Rep.Serv. 1391; Chapman v. Zakzaska, 273 Wis. 64, 76 N.W.2d 537. Ordinarily, the existence of an express warranty and whether the warranty was breached is a question of fact. Janssen v. Hook, 1 Ill.App.3d 318, 272 N.E.2d 385; Putensen v. Clay Adams, Inc., 12 Cal.App.3d 1062, 91 Cal.Rptr. 319. On the new trial, the court should specifically rule on this issue.

*448 III.
The complaint was filed on October 18, 1971, and on December 22, 1972, after the case was at issue, plaintiff filed a motion to file an amended complaint so as to add a claim for relief for violation of the Consumer Protection Act, 1969 Perm. Supp., C.R.S.1963, 55-5-1 et seq., and sought attorney's fees pursuant to that statute. Defendant did not consent to the amended filing or file an answer thereto. On January 15, 1973, the trial court sent counsel a letter indicating that the motion to amend had not been ruled upon because no written consent had been filed nor had the motion been set for hearing. The court suggested that plaintiff resolve the problem "prior to or at the time of trial." Plaintiff's counsel raised the question on the day of trial, and the trial court treated the motion to amend the complaint as though it were an oral motion made at the commencement of the trial and denied the motion. On remand, the matter of the allowance or denial of plaintiff's motion to amend should be reconsidered by the court.
Judgment reversed and caused remanded for a new trial on all issues.
ENOCH and SMITH, JJ., concur.