529 P.2d 656 (1974)
Barbara S. WAGNER, Plaintiff-Appellee,
v.
DAN UNFUG MOTORS, INC., and Thomas Fugate, Defendants-Appellants.
No. 73-388.
Colorado Court of Appeals, Div. III.
December 17, 1974.
*657 Truman E. Coles, Denver, for plaintiff-appellee.
Corbridge & Dohe, P. C., Virgil D. Dohe, Denver, for defendants-appellants.
Selected for Official Publication.
PIERCE, Judge.
Plaintiff, Mrs. Wagner, obtained a verdict and judgment in this action for fraud and deceit in connection with her purchase of an automobile from defendants, Dan *658 Unfug Motors and Thomas Fugate. We affirm in part and reverse in part.
Mrs. Wagner's daughter desired an automobile and contacted Fugate, a salesman for Dan Unfug Motors. She and Fugate test drove a 1969 Austin-Healy Sprite and exhibited the vehicle to Mrs. Wagner. Mrs. Wagner testified that Fugate stated that the vehicle was in "mint condition," that he had had the car gone over with "a fine-tooth comb," that the braking system was in good condition and that the car was priced over the blue-book price because of its unusually good condition. She also testified that she was dissuaded from having the car examined by a mechanic by Fugate's further statement that, "In any other case, I would tell you to do that, but I have already had it done."
On June 29, 1972, Mrs. Wagner accepted delivery and paid the purchase price of $1506.50. Thereafter, her daughter experienced many difficulties with the vehicle, and several times delivered it to defendants for repair because of its poor mechanical condition. In September 1972, Mrs. Wagner stopped using the vehicle, unsuccessfully attempted to resell it, and then filed this law suit.
Trial was to a jury, which awarded her $1945.06 actual damages and $2000 exemplary damages. The actual damages were comprised of the $1506.50 purchase price and $438.56 consequential damages.

I.
Defendants' first contention is that the trial court erred in refusing to direct a verdict in their favor on the general damages. We agree.
The measure of damages for false representations in the sale of property is the difference between the actual value of the property at the time of purchase and its value at that time had the representations been true. Farmer v. Norm "Fair Trade" Stamp, Inc., 164 Colo. 156, 433 P. 2d 490; and see Neiheisel v. Malone, 150 Colo. 586, 375 P.2d 197; and Denver Business Sales Co. v. Lewis, 148 Colo. 293, 365 P.2d 895.
The only evidence of valuation submitted by Mrs. Wagner was the purchase price and the value of the vehicle in September 1972 and at the time of trial, when, in her opinion, the vehicle was worthless. The purchase price was only evidence of the represented value of the vehicle at the time of sale, not its actual value. Since there is no evidence of the actual value of the property at the time of purchase, the finder of fact is left without one of the essential factors necessary before the measure of damages can be applied and the damages computed. Therefore, the portion of the verdict which awarded Mrs. Wagner the $1506.50 purchase price cannot stand, and we reverse that portion of the judgment. Farmer v. Norm "Fair Trade" Stamp, Inc., supra.
The record contains testimony by Mrs. Wagner that she tendered the automobile to defendants and demanded return of the purchase price. This action could constitute a revocation of acceptance in accord with C.R.S.1963, XXX-X-XXX, which would support her recovery of the purchase price. However, the sole theory of recovery at trial was based on fraud. Plaintiff's pleadings did not raise revocation of acceptance as an issue, such issue was not tried by the parties, and plaintiff made no request for findings or instructions regarding such issue. Under these circumstances, we will not supply an effective theory of recovery for plaintiff on appeal. See Flader v. Simonsen, 148 Colo. 480, 366 P.2d 678.
In light of this holding, it is unnecessary for us to consider defendants' contention that the trial court erred in excluding their proffered evidence on repair costs and in refusing to allow them to amend their answer to allege Mrs. Wagner's failure to mitigate the general damages.

II.
Our decision that plaintiff's recovery of her purchase price must be reversed *659 requires us to consider whether the award of special damages can stand alone. Although some cases imply that special damages can be recovered even though general damages are unavailable, see, e. g., Performance Motors, Inc. v. Allen, 11 N.C.App. 381, 181 S.E.2d 134, no authority has come to our attention which directly confronts this issue. However, we find no basis in law or logic for denying an award of special damages merely because an award of general damages is barred for want of proof. Therefore, we hold that the award of $438.56 special damages is valid and endures.

III.
It is settled law that an award of exemplary damages cannot stand unless there has been an award of "actual damages." C.R.S.1963, 41-2-2; Ress v. Rediess, 130 Colo. 572, 278 P.2d 183. The term "actual damages" normally contemplated both general and special damages. Washer v. Bank of American Nat. Trust & Savings Ass'n, 123 P.2d 575 (Cal.App.); Manning v. Pounds, 2 Conn.Cir. 344, 199 A.2d 188; and H. Oleck, Damages to Persons and Property § 12 (1961 Rev.Ed.). We recognize that the legislative purpose behind C.R.S.1963, 41-2-2, is to avoid purely punitive civil awards. This purpose is as well fulfilled when exemplary damages are predicated upon special damages as it is when they are awarded in conjunction with general damages. Therefore, we conclude that the award of special damages is sufficient to support the award of punitive damages.

IV.
Mrs. Wagner offered evidence that, after she ceased operation of the Austin-Healy, she rented a car for approximately one month until she obtained a replacement vehicle. Defendants contend this evidence was improperly admitted because loss of use of a personal vehicle is not compensable in Colorado.
Defendants maintain that Hunter v. Quaintance, 69 Colo. 28, 168 P. 918, establishes that loss of use of a personal vehicle is not compensable in this state. While there is some dictum in that case from which such an inference could be drawn, the holding of the case was that damages for loss of use of the vehicle were not allowable because such damages were not pled and that, under the evidence in that case, those damages were speculative. In the instant case, these damages were pled and were not speculative as they were reduced to a definite rental cost. Therefore, Hunter is not determinative here.
It is well established in the field of negligence law that damages for loss of use of a personal vehicle are allowable. See Annot., 18 A.L.R.3d 497. See also Industrial Supply Co. v. Goen, 58 N.M. 738, 276 P.2d 509. Defendants did not contend that the award to plaintiff for one month's car rental is unreasonable, nor do they contend that rental of a substitute automobile was an improper measure of the loss of use of the Austin-Healy.
In an action for fraud in the sale of personal property, when the "benefit of the bargain rule" does not make a defrauded party whole, additional damages are allowable for expenses which flow as a natural and ordinary consequence of the original wrong. Stamp v. Rippe, 29 Colo.App. 185, 483 P.2d 420. Loss of use of a personal vehicle is a natural consequence of fraud in the sale of the vehicle. The applicable rule is the same in fraud as in negligence.
Although the parties did not cite the Colorado Uniform Commercial Code (Code), C.R.S.1963, XXX-X-XXX et seq., we note that the sale was governed by the Code, Guy Martin Buick, Inc. v. Colorado Springs Nat. Bank, Colo., 519 P.2d 354, and that Article 2 of the Code specifically prescribes that the "remedies" for fraud include all the remedies available under *660 that article for non-fraudulent breaches. C.R.S.1963, XXX-X-XXX.
Since a party's right to consequential damages is presumably a "remedy" within the meaning of C.R.S.1963, XXX-X-XXX, application of the Code to the question of the availability of damages for loss of use of a personal vehicle is warranted. However, the pertinent section of the Code, C.R.S.1963, XXX-X-XXX(2), describes consequential damages in contract terminology ("reason to know") rather than in the tort terminology ("natural and ordinary result") appropriate for fraud suits. See Stamp v. Rippe, supra. The Code does not require that the "reason to know" formulation be applied in fraud suits to the exclusion of other remedies; it only provides that the remedies available under the "reason to know" formulation are included among the remedies available to a defrauded purchaser. C.R.S.1963, XXX-X-XXX(2) and XXX-X-XXX. Thus, our holding that loss of use of a personal vehicle is compensable, based upon Stamp v. Rippe, supra, is not overridden by the Code.

V.
Defendants' final contention is that Fugate was only stating an opinion when he represented that the vehicle was in "mint" or "excellent" condition, and that an opinion cannot be the basis for a fraud action. We agree with that statement of the law, see Knight v. Cantrell, 154 Colo. 396, 390 P.2d 948, but we note that Mrs. Wagner's testimony, capsulized at the beginning of this opinion, concerned alleged representations by Fugate which were both fact and opinion. See Corona v. Esposito, 4 Conn.Cir. 296, 230 A.2d 624. Her testimony is sufficient to support judgment in her favor.
That portion of the judgment awarding general damages is reversed, and the remainder of the judgment is affirmed.
BERMAN and STERNBERG, JJ., concur.