Leila M. FRANCIS, Plaintiff-Appellee,

v.

STEVE JOHNSON PONTIAC–GMC–
JEEP, INC., a Delaware
corporation, Defendant-Appellant.

No. 84CA0316.

Colorado Court of Appeals,
Div. I.

Feb. 27, 1986.

Rehearing Denied March 20, 1986.

Certiorari Denied (Steve Johnson)
Aug. 25, 1986.

Cross, Gaddis, Kin & Quicksall, P.C., David L. Quicksall, Colorado Springs, for plaintiff-appellee.

Warren, Mundt & Martin, P.C., Robert B. Warren, Colorado Springs, for defendant-appellant.

TURSI, Judge.

The defendant, Steve Johnson Pontiac-GMC-Jeep, Inc. (Steve Johnson Pontiac), appeals from a judgment entered on a jury verdict in which plaintiff, Leila M. Francis, was awarded compensatory damages, including an amount for loss of use of her vehicle, and exemplary damages. She also received statutory damages and an award for attorney fees by the trial court. We affirm.

On May 13, 1978, a vehicle owned by plaintiff sustained considerable damage in an accident. The car was towed to Steve Johnson Pontiac for an insurance appraisal and repairs. After the appraisal by an agent of plaintiff's insurer, Steve Johnson Pontiac agreed to repair the damage to the car. An invoice was submitted which included a new subframe among the repairs.

Plaintiff informed Steve Johnson Pontiac that the car would be needed by June 25, 1978, for use by her son in school. She was told that the June deadline would be no problem and that the car would be repaired "as good as new."

The car was returned to plaintiff early in July 1978. The car, however, was not working properly, and plaintiff immediately returned it to Steve Johnson Pontiac. After a cursory examination, a representative of Steve Johnson Pontiac advised plaintiff that nothing was wrong with the car. Later in July, plaintiff's son took the car back to Steve Johnson Pontiac because of problems with the car's steering. He was similarly told that nothing was wrong with the car.

Finally, on October 4, 1978, plaintiff took the car to another garage, where the car was thoroughly inspected. The shop foreman at this garage determined that the frame had not been replaced but had only been straightened and repainted. Among the problems discovered by the foreman were: the subframe was one and one-half inches out of square; the left front motor mount bracket was broken; four frame cushions required replacement; and the front wheels were in need of alignment. These repairs were completed by the latter garage at a cost of $1,027.28. There was no evidence presented as to why Steve Johnson Pontiac, without either notifying plaintiff or adjusting the inventoried price, had straightened rather than replaced the subframe.

This action followed, and at trial, a directed verdict was entered as to the issue of negligence, and the jury awarded plaintiff $1,914 compensatory damages for repairs and loss of use and $10,000 exemplary damages against Steve Johnson Pontiac. Thereafter, the court awarded attorney fees of $9,016, costs of $210.36, and statutory damages of $50 to plaintiff.

**I**

■ Steve Johnson Pontiac argues that it was error for the trial court to permit the jury to consider damages for loss of use caused by the negligent repair. It contends that a plaintiff who suffers the loss of use of a personal vehicle must actually procure a rental replacement before being entitled to recover damages for that loss of use. We disagree.

In *Wagner v. Dan Unfug Motors, Inc.*, 35 Colo.App. 102, 529 P.2d 656 (1974), this court recognized the propriety of awarding damages for the loss of use of a personal vehicle so long as such damages are not merely speculative. Similar to the situation in *Wagner*, loss of use of a personal vehicle may be a consequence of the negligence of a defendant. *See Hillman v. Bray Lines, Inc.*, 41 Colo.App. 493, 591

P.2d 1332 (1978), *aff'd sub nom., Wise v. Hillman,* 625 P.2d 364 (Colo.1981). However, it is incumbent upon plaintiff to prove her losses. *See Peterson v. Colorado Potato Flake & Mfg. Co.,* 164 Colo. 304, 435 P.2d 237 (1967). Here, evidence was introduced to establish that plaintiff lost the use of her vehicle as a direct result of Steve Johnson Pontiac's negligent repair of her car. Thus, the fact of her loss of use was not speculative. *See Peterson, supra.*

The remaining question is the amount of damages which may be recovered, if proven. To meet the need of a replacement vehicle, plaintiff purchased a vehicle for her son's use. Here, in addition to proof of the need for substitute transportation, evidence was also presented as to the cost of renting a car comparable to the damaged vehicle. Had plaintiff rented a vehicle, it is undisputed that her rental costs would have been recoverable. *Wagner, supra.* Here, she proved her need for a replacement vehicle during the period after the repairs should have been completed and until they were actually completed. Under these facts, she is entitled to reasonable rental value, even though no replacement vehicle was actually rented. *Accord Meakin v. Dreier,* 209 So.2d 252 (Fla.App.1968); *Pittari v. Madison Avenue Coach Co.,* 188 Misc. 614, 68 N.Y.S.2d 741 (1947); *Meyers v. Bradford,* 54 Cal.App. 157, 201 P. 471 (1921). Therefore, we rule that a proper measure of damages, under these circumstances, is the reasonable rental value for a replacement vehicle while use of one's own vehicle is lost, if such loss is proximately caused by defendant's negligence.

Loss of use was measured from the date proper repair should have been completed until the date they finally were completed. The period of time for which the loss of use was claimed to be attributable to the faulty repair is not contested. Thus, this measure of damages was properly submitted to the jury.

## II

■ Steve Johnson Pontiac next contends that the trial court improperly allowed the award of exemplary damages or, alternatively, that the exemplary damages, if appropriate, were excessive. We do not agree.

Exemplary damages are authorized in civil suits by § 13–21–102, C.R.S. This section permits a jury to assess reasonable exemplary damages in cases involving "circumstances of fraud, malice or insult, or a wanton and reckless disregard of the injured party's rights or feelings."

The situation here, in which Steve Johnson Pontiac represented that it had performed repairs which in fact it had not, falls within the ambit of this statutory language. *See Leo Payne Pontiac, Inc. v. Ratliff,* 29 Colo.App. 386, 486 P.2d 477 (1971), *aff'd in part, rev'd in part,* 178 Colo. 361, 497 P.2d 997 (1972) (exemplary damages awarded against a car dealership for representing a used car as new).

The jury was given proper instructions on the various grounds for which it could award exemplary damages. Additionally, the record contains sufficient evidence to support its verdict. Therefore, the jury award of exemplary damages may not be set aside. *See Mince v. Butters,* 200 Colo. 501, 616 P.2d 127 (1980).

■ Contrary to Steve Johnson Pontiac's contention, the jury's negative answers to all but one of the special interrogatories regarding the Motor Vehicle Repair Act, §§ 42–11–101, et seq., C.R.S. (1984 Repl. Vol. 17), are not necessarily inconsistent with a general verdict in favor of exemplary damages. The record contains sufficient evidence to justify an award of exemplary damages based on § 13–21–102, C.R.S.

■ A trial court's ruling as to the propriety of the amount of a jury award of exemplary damages will normally not be disturbed on appeal absent an abuse of discretion by the trial court. *Frick v. Abell,* 198 Colo. 508, 602 P.2d 852 (1979). The factors which help ascertain the reasonableness of exemplary damages are as follows: (1) the nature of the act which caused the injury; (2) the economic status

of the defendant; and (3) the deterrent effect of the award on others. *Frick, supra.* Examining the award here with these factors in mind, we conclude that the trial court did not abuse its discretion in approving the exemplary damages.

### III

■ Steve Johnson Pontiac also contends that the trial court erred in awarding attorney fees. This contention is without merit.

The Motor Vehicle Repair Act, § 42–11–109(3), C.R.S., permits the recovery of attorney fees by the prevailing party in any civil action between a motor vehicle repair garage and its customer. While Steve Johnson Pontiac's violation of the Motor Vehicle Repair Act may have been minor when compared to its other negligent and wrongful conduct, this violation is sufficient to bring this action within the scope of the act. Therefore, it was within the trial court's sound discretion to award attorney fees in this case.

We have considered other allegations of error raised by Steve Johnson Pontiac and conclude they need not be addressed.

Judgment affirmed.

PIERCE and BERMAN, JJ., concur.