FERDINAND L. GRAVES, PLAINTIFF AND APPELLEE, v. BALTIMORE AND NEW YORK RAILWAY COMPANY, DEFENDANT AND APPELLANT.

Argued February 18, 1908—Decided June 8, 1908.

1. The plaintiff's horse and wagon, driven by plaintiff's agent, were traveling along a highway at midnight. The wagon was struck by an engine drawing a train of cars on defendant's single-track railroad, which crosses the highway at an angle. The testimony upon the part of the plaintiff justified the jury in finding as a fact that the night was dark and cloudy; that the driver "could not see the track until within twenty feet of it;" that when the horse was ten or fifteen feet from the track the driver stopped, looked in both directions, and listened; that, hearing nothing and seeing nothing, he drove on, and continued to look and listen, and had nearly cleared the track when the defendant company's engine hit the rear wheel of his wagon; that the engine had no headlight or light of any kind; that no bell was rung, no whistle was blown, and no other signal was given. Held, that the ques-

tions of the negligence of the defendant and of the contributory negligence of the plaintiff were for the jury.

2. When personal property, in the actual use of the owner, is injured by a trespasser, so that the owner is deprived of the use of it, the special damage necessarily and proximately attendant upon such privation may be proven to augment the damages beyond the diminution in value of the thing injured.

On appeal from the District Court of the city of Elizabeth.

Before Justices GARRISON, SWAYZE and TRENCHARD.

For the appellant, *Edward Q. Keasbey.*

For the appellee, *John A. Bernhard.*

The opinion of the court was delivered by

TRENCHARD, J. This is an appeal from a judgment for the plaintiff entered on the verdict of a jury in the District Court of the city of Elizabeth.

The plaintiff's horse and wagon, driven by plaintiff's agent, were traveling along St. George's avenue, Linden township, Union county, at midnight. The wagon was struck by an engine drawing a train of freight cars on a single-track railroad of the defendant company which crosses the avenue at an angle.

On behalf of the defendant it is insisted that the plaintiff should have been nonsuited or a verdict against him should have been directed, because there was no evidence of negligence on the part of the defendant, and because the plaintiff's driver was guilty of contributory negligence.

We think both questions were for the jury.

The testimony upon the part of the plaintiff, if believed, justified the jury in finding as a fact that the night was dark and cloudy; that the driver "could not see the track until within twenty feet of it;" that when the horse was ten or fifteen feet from the track the driver stopped, looked in both directions, and listened; that, hearing nothing and seeing nothing, he drove on and continued to look and listen, and

had nearly cleared the track when the engine hit the rear wheel of his wagon; that the engine had no headlight or light of any kind; that no bell was rung, no whistle was blown, and no other signal was given.

Both the driver of the plaintiff's wagon and the driver of the wagon immediately behind him were in a position to see and hear, and both testify that they looked and listened and that no bell was rung, no whistle was blown, and that there was no headlight or other light upon the engine.

It is true that the testimony on the part of the defendant tended to show a different state of facts.

A nonsuit should not be granted nor a verdict ordered for the defendant if the evidence is conflicting and leaves the mind in a state of some doubt. The credibility of witnesses is a question for the jury. *Baumann* v. *Hamburg-American Packet Co.,* 38 *Vroom* 250.

A fair controversy existing upon the questions of the negligence of the defendant company and the contributory negligence of the plaintiff, both questions were properly submitted to the jury. *Goldsboro* v. *Central Railroad Co.,* 31 *Vroom* 49; *Ellis* v. *Erie Railroad Co.,* 37 *Id.* 451; *McLean* v. *Erie Railroad Co.,* 40 *Id.* 57; 41 *Id.* 337.

It is also insisted that the court erred in admitting evidence to show loss of sales in the business of the plaintiff by reason of the injury to his wagon, and in charging the jury that they might find damages for loss of profits on goods which the plaintiff had orders to deliver on the morning of the accident and was unable to procure and deliver by reason of the injury to his wagon.

The pertinent rule is that when personal property, in the actual use of the owner, is injured by a trespasser, so that the owner is deprived of its use, the special damage necessarily and proximately attendant upon such privation may be proven to augment the damages beyond the diminution in value of the thing injured. *Post* v. *Munn,* 1 *South.* 61; *Luse* v. *Jones,* 10 *Vroom* 707; *Shelbyville Lateral Branch Railroad Co.* v. *Lewark,* 4 *Ind.* 471.

There was evidence that the wagon was on its way to the

Newark market to bring back produce for which the plaintiff had orders and that the customers had refused to take it because it was not delivered on time. There was also evidence that the plaintiff hurried to Newark to get another wagon, but by reason of the delay the plaintiff lost $20 in profits.

Under these circumstances there was no error in the admission of the evidence and the charge of the court.

The judgment of the court below should be affirmed.