THEODOR J. HINTZ, APPELLANT, v. HENRY S. ROBERTS, RESPONDENT.

Argued March 9, 1923—Decided June 18, 1923.

1. In an action for injury to an automobile the general rule is that the measure of damages, where no circumstances of aggravation are shown, is the amount which will compensate for all the detriment naturally and proximately caused. This detriment, in the absence of total destruction of the automobile, is the difference in value of the automobile immediately before and immediately after the injury.

2. In an action for injury to an automobile, evidence of the amount paid for repairing the damaged car, as well as evidence of the reasonable value of such repairs, made necessary by the injury, and required to restore the car substantially to its former condition, is competent as tending to show the difference in value immediately before and immediately after the injury. But where plaintiff, after proving the amount actually paid, produced an expert who testified merely that he made an estimate of the cost, without stating upon what repairs, it was not error requiring reversal for the trial judge to overrule plaintiff's question, "What was your estimate?"

3. Where, through an injury to an automobile, the plaintiff is temporarily deprived of its use, the measure of damages is the amount of injury to the automobile, together with the value of its use during the time required, by the exercise of proper diligence, to secure its repair. Where the plaintiff seeks to show the value of such use by the cost of hiring other cars, the proof of such cost must be definite, and not mere conjecture.

4. In an action for injury to an automobile a question put to plaintiff by his counsel as to whether he had made a charge against the defendant under the Traffic act, was properly overruled because irrelevant.

5. Causes for reversal must be definitely pointed out in the grounds of appeal with sufficient precision to apprise the court and opposing counsel of the injury complained of.

6. In an action for trespass committed against the property of another, which involves malice or a wanton and reckless disregard of the rights of the person against whom the tortious act is committed, exemplary damages may be recovered. The right to award exemplary damages primarily rests upon the single ground—wrongful motive: and when the personal intent to injure is shown, the penalty may be inflicted. When the wrongful motive is not inherent in the offence, the burden rests upon the plaintiff of presenting proof from which wrongful motive may be legally inferred.

7. Requests to charge are properly refused when they have been substantially covered, in so far as they contain correct and pertinent propositions of law, by the instructions given.

8. Grounds of appeal which are not argued by the appellant, either orally or in the brief, will be considered abandoned.

On appeal from the Supreme Court.

For the appellant, *Earle A. Merrill.*

For the respondent, *Frank G. Turner.*

The opinion of the court was delivered by

TRENCHARD, J. This is the appeal of the plaintiff below from a judgment entered upon the verdict of a jury in his favor for $37.18 at the Union Circuit.

The case grew out of a collision of automobiles on the Hudson county boulevard in Jersey City.

According to the plaintiff's case (the defendant offered no evidence), the salient facts are these: The plaintiff, in his automobile, was proceeding west on Bowers street at ten o'clock at night, intending to turn south on the boulevard. At that point, in the centre of the boulevard, and in line with the north line of Bowers street, there was a traffic booth and signal operated by a traffic officer. The plaintiff waited until

he received the proper signal, and then came out into the boulevard and turned south. Immediately thereafter, the defendant, proceeding south on the boulevard, at about twenty miles an hour, ran past the traffic officer, and the signal set against him, and collided with the rear of the plaintiff's car.

In his complaint the plaintiff claimed as damages money paid out by reason of the injuries to his automobile, and also punitive damages, making no claims for personal injuries.

The appellant's grounds of appeal, for the most part, relate to the measure of damages.

In an action for injury to an automobile (or other personal property), the general rule is that the measure of damages, where no circumstances of aggravation are shown, is the amount which will compensate for all the detriment naturally and proximately caused. This detriment, in the absence of total destruction of the automobile, is the difference in value of the automobile immediately before and immediately after the injury. *Hughes* v. *Wells*, 81 *N. J. L.* 339; *Graves* v. *Baltimore, &c., Railway Co.*, 76 *Id.* 362; *Smith* v. *Public Service Corp.*, 78 *Id.* 478.

The first ground of appeal is because the trial judge overruled a question put to plaintiff's expert (a repairman) as follows, "What *was* your estimate?"

No doubt, evidence of the amount paid for repairing the damaged automobile, as well as evidence of the reasonable value of such repairs, made necessary by the injury, and required to restore the car substantially to its former condition, was competent as tending to show the difference in value immediately before and immediately after the injury. *Hughes* v. *Wells, supra; Graves* v. *Baltimore, &c., Railway Co., supra.* But if the car was rendered, by reason of repairs, more valuable than it was before the injury, then, of course, the full expenditure for repairs should not be at the expense of the defendant. On the other hand, if, by reason of the injury, the automobile was rendered incapable of being made by repairs as valuable as it was immediately before the injury, the plaintiff should not be required to lose this deterioration. Now, in the case at bar, the amount actually

paid for repairs was proved (or admitted by the defendant), at the trial, and the verdict was for that precise amount. And we think where, as here, the plaintiff's expert had testified merely that he had made an estimate of the cost of repairs, without stating upon what repairs he estimated, it was not error requiring reversal for the trial judge to overrule the plaintiff's question, "What was your estimate?"

The next point argued is that the trial judge erroneously ruled that evidence respecting loss of use must be definite and legal.

Manifestly, this ruling was correct. No doubt where, through an injury to an automobile, the plaintiff is temporarily deprived of its use, the measure of his damages is the amount of injury to the automobile, together with the value of its use during the time required, by the exercise of proper diligence, to procure its repair. *Graves* v. *Baltimore, &c., Railway Co., supra.* But where (as here) the plaintiff seeks to show the value of such use by the cost of hiring other cars, the proof of such cost must be definite and not mere conjecture. So, the trial judge rightly ruled.

The next ground of appeal argued is because the trial judge sustained defendant's objection to the following question put to the plaintiff: "Did you thereafter make a charge [under the Traffic act] against [defendant] Roberts arising out of this accident?"

But we think that question was properly overruled because it was irrelevant.

The next ground of appeal is "because the trial judge erred in attributing to the term 'malice,' the meaning of wrongful motive directed towards the particular person injured, or 'wrongful intent to hurt' such person."

As a ground of appeal that is very indefinite. The rule is that causes for reversal must be definitely pointed out in the grounds of appeal with sufficient precision to apprise the court and opposing counsel of the injury complained of. *Lutlopp* v. *Heckman,* 70 N. J. L. 272.

But in order to see that no injustice was done we have examined the matter with care.

The argument of the appellant shows that this complaint relates to the *charge of the court* with respect to exemplary damages.

Turning to the charge we find that the instruction was in effect that in an action for trespass committed against the property of another, which involved malice or a wanton and reckless disregard of the rights of the person against whom the tortious act is committed, exemplary damages may be recovered. That was right. *Trainer* v. *Wolff,* 58 *N. J. L.* 381. The judge further charged that "the right to award exemplary damages primarily rests upon the single ground—wrongful motive; and when the personal intent to injure is shown, the penalty may be inflicted." That, too, was right. *Dreimuller* v. *Rogow,* 93 *Id.* 1. He further instructed the jury that "when wrongful motive is not inherent in the offence, the burden rests upon the plaintiff of presenting proof from which wrongful motive may be legally inferred." That also was correct. *Haines* v. *Schultz,* 50 *Id.* 481. Our examination of the remainder of the charge upon this topic satisfies us that no error harmful to the appellant was committed.

Before leaving this subject we call attention to the fact that, as the case is presented, we are not called upon to determine whether or not under the evidence a case for exemplary damages was made out, and we express no opinion upon that question. The case of *Haucke* v. *Beckman,* 96 *N. J. L.* 409, touched upon that topic, but differed somewhat from the instant case upon the facts.

The next ground of appeal argued is that the trial judge refused to charge certain stated requests.

To this it is a sufficient answer to say that such requests were substantially covered, in so far as they contained correct and pertinent propositions of law, by the instructions given, and, hence, were properly refused. *Pavan* v. *Worthen & Aldrich Co.,* 80 *N. J. L.* 567; *affirmed,* 82 *Id.* 615.

These observations, in effect, dispose of every point raised and argued.

Those grounds of appeal which are not argued by the appellant, either orally or in the brief, will be considered abandoned.

The judgment will be affirmed, with costs.

*For affirmance* — THE CHANCELLOR, CHIEF-JUSTICE, TRENCHARD, PARKER, BERGEN, KALISCH, BLACK, KATZENBACH, HEPPENHEIMER, ACKERSON, VAN BUSKIRK, JJ.   11.

*For reversal*—None.