83 N.J. Super. 263 (1964)
199 A.2d 394
ASSOCIATED METALS AND MINERALS CORP., A NEW YORK CORPORATION, PLAINTIFF,
v.
DIXON CHEMICAL & RESEARCH, INC., A NEW JERSEY CORPORATION, DEFENDANT AND THIRD-PARTY PLAINTIFF,
v.
GLENS FALLS INSURANCE COMPANY, A NEW YORK CORPORATION, THIRD-PARTY DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided April 11, 1964.
*264 Messrs. Riker, Danzig, Scherer & Brown for plaintiff (Mr. Charles Danzig appearing).
Messrs. Pindar, McElroy, Connell & Foley for defendant Dixon Chemical & Research, Inc. (Mr. Theodore W. Geiser appearing).
HERBERT, J.S.C.
On June 30, 1961 plaintiff obtained a judgment in the Chancery Division for $300,347.58 and costs against the defendant Dixon. Cross-appeals taken by plaintiff and Dixon have now been decided by an opinion filed February 19, 1964 in which the Appellate Division said in part (82 N.J. Super. 281, 316):
"In the exercise of our original jurisdiction we therefore mold the judgment in plaintiff's favor so that the amount of damages to be recovered by it is $500,000 * * *."
Following the opinion a mandate has issued and plaintiff now moves for entry of a judgment against Dixon for $500,000, interest and costs. Dixon, having an application pending before the Supreme Court for certification, opposes the motion and cites R.R. 1:10-6(b):
"Proceedings for certification shall not stay proceedings in the court below, except where a stay is ordered pursuant to these rules; but in no case shall the court below hear argument or make any determination in the cause, unless certification is denied."
*265 Sun Dial Corp. v. Rideout, 31 N.J. Super. 375 (App. Div. 1954), indicates that the quoted rule does not bar a trial court from entering an appropriate judgment on a mandate of the Appellate Division even though an application for certification is pending. On the authority of that case I will sign a judgment. There is no merit in Dixon's suggestion that the Appellate Division actually has accomplished the revision of the judgment of June 30, 1961; in a technical sense that one is now the only judgment in the case. To embody the decision of the Appellate Division in a judgment another one will have to be signed and filed.
But what should the judgment provide about interest? The plaintiff contends that molding the judgment to increase the damages from $300,347.58 to $500,000 calls for the allowance of interest on the greater amount from June 30, 1961, the date of entry of the judgment being molded. A number of federal cases have been cited by plaintiff's counsel. However, only two of those involved decisions at the appellate level to increase dollar amounts determined by a trial court to have been due from a defendant to a plaintiff. In Coyle Lines v. U.S., 195 F.2d 737 and 198 F.2d 195 (5 Cir. 1952) the judgment of the District Court in an admiralty case had awarded $10,830 to the plaintiff. That sum was only part of the damage suffered, and the amount of the award was based on a finding of mutual fault. On appeal it was held that the United States was chargeable with the entire fault and should pay the full amount of the plaintiff's damage. For present purposes the significant thing is that interest was allowed by the Court of Appeals on the entire award from the date of entry of the District Court's original judgment. Chemical Bank & Trust Co. v. Prudence-Bonds Corp., 213 F.2d 443 (2 Cir. 1954), was one phase of a litigation in which the dollar amount of a judgment entered in the U.S. District Court on December 19, 1952 had been increased very substantially on appeal. The Court of Appeals held the amount originally awarded by the District Court should carry interest at 6% from the date of that court's decree, but on *266 the amount by which the appeal had increased the award of the District Court, interest at 6% was allowed only from October 23, 1953, that being the date on which a decree had been entered on the mandate. Although this decision was by a divided vote, with Judge Frank writing a forceful dissent, I am impressed by these comments of Judge Swan in the majority opinion:
"We did not direct entry of judgment as of December 19, 1952. Until the decree on mandate was entered, the amount of the additional surcharge and interest thereon was unliquidated, and no duty to pay the 6% judgment rate of interest thereon arose. The same is true as to additional costs.

* * * * * * * *
The delay in the entry of the proper judgment was necessary in the sense that time for appellate reviews was required." (213 F.2d, at p. 444)
In the present case liability (as distinguished from damages in dollars) was determined as of June 30, 1961 when the original judgment was signed, and that liability was not disturbed by appellate proceedings; but it was not until the opinion of the Appellate Division of February 19, 1964 that Dixon could definitely state its dollar responsibility to the plaintiff in any amount other than $300,347.58. I will apply the reasoning of Chemical Bank & Trust Co. v. Prudence-Bonds Corp., supra, and sign a judgment which, in addition to awarding damages of $500,000 to plaintiff against defendant Dixon, will provide for interest on $300,347.58 at 6% from June 30, 1961 and interest at the same rate on $199,652.42 from the date of the judgment to be signed.
This result will recognize plaintiff's existing rights to interest on the amount specified in the original judgment and make clear that interest on the increase is to run only from the date of the "molded" judgment which embodies the increase.
I do not have at hand the details on the costs which were taxed on or about June 30, 1961, but they should carry interest from the date of their taxing.
*267 In each of two cases cited by plaintiff an appeal from a judgment notwithstanding a plaintiff's verdict resulted in reversal and entry of a judgment for the amount of the verdict together with an allowance of interest from the date when the judgment should have been entered in plaintiff's favor. Wright v. Paramount-Richards Theatres, 198 F.2d 303 (5 Cir. 1953); Givens v. Missouri-Kansas-Texas R. Co., 196 F.2d 905 (5 Cir. 1952). Contra, Powers v. New York Central R. Co., 251 F.2d 813, 76 A.L.R.2d 1207 (2 Cir. 1958). Also see Briggs v. Penn. R.R. Co., 334 U.S. 304, 68 S.Ct. 1039, 92 L.Ed. 1403 (1948) where it was held that a federal District Court has no power to add interest to the amount of a verdict in a case like those just described if the mandate on reversal is silent on the subject. Whether such interest might properly be provided for in the appellate court's mandate was expressly left open. Though the point has not been argued before me, the Briggs case makes me doubt the power of a trial court in our New Jersey judicial system to provide for retroactive interest on an amount added on appeal to an award, when entering judgment on an appellate mandate which is silent about such interest.