172 N.J. Super. 309 (1980)
411 A.2d 1167
VINCENT C. FANFARILLO, PLAINTIFF-RESPONDENT,
v.
EAST END MOTOR COMPANY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted February 13, 1980.
Decided February 22, 1980.
*311 Before Judges FRITZ, KOLE and LANE.
McLaughlin & Cooper, attorneys for appellant (Kenneth G. Andres, Jr. on the brief).
Greenblatt & Greenblatt, attorneys for respondent (Jay H. Greenblatt and Rocco J. Tedesco on the brief).
PER CURIAM.
Defendant appeals from a judgment entered upon a jury verdict holding it liable for damages to plaintiff's automobile. The principal issue raised is whether the trial judge correctly barred defendant from eliciting expert testimony on damages because defendant had failed to submit an expert's report.
Plaintiff had left the vehicle with defendant, an automobile dealer, for repairs. Sometime during the evening of April 3, 1978 it was stolen from defendant's lot. The vehicle was recovered three days later, having sustained substantial damage. Plaintiff alleged, and the jury apparently found, that the theft would not have occurred without defendant's negligence. The *312 jury returned a verdict in favor of plaintiff in the amount of $3,308.31, of which $1,913.31 represented the cost of repair, with the remaining $1,395 consisting of the expense plaintiff incurred in renting a substitute vehicle. The jury rejected plaintiff's additional claim for the depreciated value of the repaired vehicle. Plaintiff waived damages in excess of the $3,000 jurisdictional limit of the county district court.
At trial defendant offered to prove through its service manager that the cost of repair and the price for the rental vehicle were excessive. The trial judge barred such testimony on the ground that defendant had failed to submit a report of its service manager which plaintiff had demanded in his interrogatories. We reverse.
On December 7, 1978 plaintiff propounded interrogatories in which No. 3 requested defendant to state the name and address of any proposed expert witness and the substance of any proposed expert's testimony. In answers supplied on January 22, 1979 defendant stated that the names and addresses of proposed expert witnesses and the substance of their opinion would be supplied. Pursuant to R. 4:17 4(e) plaintiff moved for more specific answers to interrogatories. By order dated February 23, 1979 the judge required defendant to supply the name and report of any proposed expert within 30 days and that defendant's failure to furnish the proposed information by April 1, 1979 would preclude it from offering expert testimony.
Ordinarily, we would have no hesitancy in affirming the trial judge's refusal to permit the service manager to testify. A party has a continuing duty to disclose the opinions of his experts, and a failure to do so may, in the trial judge's discretion, result in the exclusion of that expert's opinion evidence. Maurio v. Mereck Constr. Co., Inc., 162 N.J. Super. 566 (App.Div. 1978). Where no written report has been prepared a party must nonetheless disclose the substance of that expert's opinion in *313 advance of trial. Clark v. Fog Contracting Co., 125 N.J. Super. 159 (App.Div. 1973), certif. den. 64 N.J. 319 (1973).
In this case, however, by order dated February 23, 1979 the judge ruled that defendant had 30 days to advise plaintiff of the substance of its expert's testimony. Yet the case was tried on March 7, despite defendant's request for an adjournment. The case should not have been set down for trial until after April 1, 1979. A party required to answer interrogatories more specifically by an order under R. 4:17 4(e) is entitled to rely on the date set forth in the order for compliance with the order. He may reasonably expect that the case will not be called for trial until sometime after the date set forth in the order. Here the scheduling of the trial before the date that defendant had to comply with the February 23, 1979 order effectively precluded defendant from contesting the issue of damages. There must be a new trial on that issue. Coll v. Sherry, 29 N.J. 166, 177 (1959).
Defendant contends that it was error to prohibit cross-examination of plaintiff as to whether he was insured. That cross-examination was sought to show that plaintiff's insurance company would have paid for the automobile rental and thus plaintiff had failed to mitigate his damages. A tortfeasor may not set up in mitigation of damages payments to a plaintiff from his insurance carrier. Long v. Landy, 35 N.J. 44, 55 56 (1961). The testimony was properly excluded.
Defendant contends that the judge erred in charging the jury that in addition to the cost of repair plaintiff was entitled to damages for depreciation. We disagree. The measure of damages in a case of this type is the difference between the value of the automobile before and its value after the tortious injury. Nixon v. Lawhon, 32 N.J. Super. 351, 354 (App. Div. 1954). The cost of repair and the depreciated value of the vehicle is an appropriate measure of damages so long as the sum does not exceed the decline in market value, Parisi v. Friedman, 134 N.J.L. 273 (E. & A. 1946); Hintz v. Roberts, 98 N.J.L. 768 *314 (E. & A. 1923), and does not exceed the pre-accident market value of the vehicle. The evidence here showed that the value before the theft was $7,900 and after the theft $5,000, a difference of $2,900. There was also evidence that the vehicle as repaired was worth only $7,500, so that the jury could have found total damages to the vehicle of $2,313 ($1,913 for the cost of repair and $400 depreciated value).
Defendant further contends that it was error to allow plaintiff's attorney to examine the complete file of defendant concerning the incident. No opportunity was given to defendant to remove any correspondence between defendant and its attorneys. Since a document had been withdrawn from the file and placed in evidence by defendant, it was not error to allow plaintiff to examine the file. However, before such an examination defendant should have been permitted to remove any communications between defendant and its attorneys.
The judgment is reversed. The matter is remanded for new trial as to damages only.