216 N.J. Super. 263 (1987)
523 A.2d 669
RAMIRO CAMARAZA, PLAINTIFF-APPELLANT,
v.
BELLAVIA BUICK CORPORATION, A NEW JERSEY CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 3, 1987.
Decided March 24, 1987.
*265 Before Judges MICHELS, SKILLMAN and LANDAU.
Frank Peretore argued the cause for appellant (Lowenstein, Sandler, Brochin, Kohl, Fisher, Boylan & Meanor, attorneys; David L. Harris, of counsel and Frank Peretore, on the brief).
Joel B. Hopmayer argued the cause for respondent (Weiner, Staubach & Hopmayer, attorneys; Joel B. Hopmayer, on the brief).
The opinion of the court was delivered by SKILLMAN, J.A.D.
The issue presented by this appeal is whether damages for loss of use of an automobile resulting from commission of a tort are limited to actual expenditures for substitute transportation. We hold that loss of use damages are not thus limited and therefore reverse the contrary determination of the trial court.
Plaintiff's automobile was stolen while in the custody of defendant for servicing. The thief was involved in an accident in which plaintiff's automobile was seriously damaged. The automobile allegedly could not be repaired for five months, during which time plaintiff was deprived of its use.
Plaintiff filed suit, alleging that defendant had been negligent in maintaining custody of his automobile. Plaintiff's motion for summary judgment was granted. However, the trial court limited his damages to $250, which was the deductible on the collision coverage of his insurance policy.[1] Plaintiff's claim for additional damages for loss of use of his automobile while it was being repaired was rejected. The trial court held that plaintiff's damages would include any sums actually expended for substitute transportation, but not "the valuation of a hypothetical rental vehicle which plaintiff, in fact, chose not to rent." Since plaintiff was unable to present any evidence of actual expenditures for substitute transportation, *266 the trial court declined to award any damages for loss of use of his automobile.
It is axiomatic that "[t]he normal measure of damages for the commission of a tort is all damages proximately caused by the injury." Schroeder v. Perkel, 87 N.J. 53, 66 (1981). Consequently, damages are not limited to pecuniary losses which are capable of precise measurement. Rather, a jury or other trier of fact is frequently asked to place a monetary value on non-monetary consequences of a tort, such as a victim's disability, pain and suffering, see Baxter v. Fairmont Food Co., 74 N.J. 588 (1977), personal humiliation, see Zahorian v. Russell Fitt Real Estate Agency, 62 N.J. 399 (1973), or emotional anguish, see Portee v. Jaffee, 84 N.J. 88 (1980).
Although damages resulting from property loss are generally pecuniary in nature, the same basic principles of damages resulting from the commission of a tort apply to both personal injuries and property losses. Thus, "[i]n an action for injury to an automobile (or other personal property), the general rule is that the measure of damages ... is the amount which will compensate for all detriment naturally and proximately caused." Hintz v. Roberts, 98 N.J.L. 768, 770 (E. & A. 1923); see also Lane v. Orl Delivery, Inc., 216 N.J. Super. 413, 419-420 (App.Div. 1987).
Damages for tortious property damage to an automobile include costs of repair and the difference in value of the automobile before the accident and after the repairs are completed. Fanfarillo v. East End Motor Co., 172 N.J. Super. 309, 313 (App.Div. 1980). Where a plaintiff is temporarily deprived of the use of an automobile, damages also may include the loss of use of the automobile during the time reasonably required to complete repairs. Jones v. Lahn, 1 N.J. 358, 362-363 (1949); Hintz v. Roberts, supra, 98 N.J.L. at 771; Graves v. Baltimore & N.Y. RR. Co., 76 N.J.L. 362, 364 (E. & A. 1908); State Farm Mutual Auto Ins. Co. v. Toro, 127 N.J. Super. 223, 227 (Law Division 1974); see also Bartlett v. Garrett, 130 N.J. Super. *267 193 (Cty.D.Ct. 1974) (holding that where an automobile is totally destroyed, loss of use damages may be awarded for time period required to purchase a replacement vehicle). However, the prior decisions in this State have not specifically considered whether the rental of a substitute vehicle is a precondition to the award of loss of use damages for the time required to repair an automobile used only for personal purposes.[2]
We conclude that under the general principles of damages previously summarized a plaintiff should not be barred from recovery for loss of use of an automobile simply because he has not rented a substitute vehicle. Although such a plaintiff does not incur pecuniary loss in the form of rental payments for a substitute vehicle, he may suffer substantial personal inconvenience due to the lack of an automobile. He may be forced to walk to work or to take inconvenient public transportation. He may be prevented from engaging in normal recreational pursuits or his enjoyment of those pursuits may be diminished. We conclude that such inconveniences caused by the wrongful conduct of a tortfeasor are compensable. We add that this conclusion is supported by the overwhelming weight of authority in other jurisdictions. See Ben Lomond, Inc. v. Campbell, 691 P.2d 1042, 1045-1046 (Alaska Sup.Ct. 1984); Stephens v. Foster, 46 Ariz. 391, 51 P.2d 248, 250-251 (Sup.Ct. 1935); Malinson v. Black, 83 Cal. App.2d 375, 188 P.2d 788, 791-792 (Ct.App. 1948); Francis v. Steve Johnson Pontiac-GMC-Jeep, 724 P.2d 84, 85-86 (Colo. App. 1986); Meakin v. Dreier, 209 So.2d 252 (Fla. Dist. Ct. App. 1968); Chriss v. Manchester Ins. & Ind. Co., 308 So.2d 803, 805-806 (La. App. 1975); National Dairy Products Corp. v. Jumper, 241 Miss. 339, 130 So.2d 922, 923 (Sup.Ct. 1961); Tri-State Motor Transit Co. v. Navajo Freight Lines, Inc., 528 S.W.2d 475, 484 (Mo. Ct. App. *268 1975); Mountain View Coach Lines v. Storms, 102 A.D.2d 663, 476 N.Y.S.2d 918 (App.Div. 1984); Graf v. Don Rasmussen Co., 39 Or. App. 311, 592 P.2d 250, 254 (Ct.App. 1979); Luna v. North Star Dodge Sales, Inc., 667 S.W.2d 115, 118-119 (Tex. Sup.Ct. 1984); Holmes v. Raffo, 60 Wash.2d 421, 374 P.2d 536, 541-542 (Sup.Ct. 1962); see generally, Annot., "Recovery for Loss of Use of Motor Vehicle Damaged or Destroyed," 18 A.L.R.3d 497, 528-532 (1968).
The further question presented is the appropriate measure of damages for loss of use of an automobile where no substitute vehicle has been rented. Some jurisdictions hold that the measure is what it would cost to rent a substitute vehicle. See, e.g., Francis v. Steve Johnson Pontiac-GMC-Jeep, supra. Although this approach has the virtue of relying upon an easy to acquire, precise measure of use value, we conclude that it is not consistent with general principles of damages. The degree of inconvenience for loss of use of an automobile will vary depending upon the individual circumstances of the plaintiff. Indeed, if a plaintiff were hospitalized for the entire time required to repair his automobile, there very well may be no inconvenience from loss of use of the vehicle. On the other hand, another person may suffer very severe personal deprivations from loss of use of a personal automobile. We conclude that the trier of fact should be permitted to consider the individual circumstances of a plaintiff in determining loss of use damages. Therefore, while the rental value of a substitute vehicle may be admitted as evidence of loss of use damages, it is not conclusive and the trier of fact also may consider other evidence of such damages.[3] We note that this is the approach followed in a number of other jurisdictions. See, e.g., Holmes v. Raffo, supra; Stephens v. Foster, supra; Meakin v. Dreier, supra; Graf v. Don Rasmussen Co., supra; see *269 also Brooklyn Eastern Dist. Terminal v. U.S., 287 U.S. 170, 175-176, 53 S.Ct. 103, 104-105, 77 L.Ed. 240 (1932).
For the foregoing reasons the part of the judgment fixing damages at $250 is reversed and the case is remanded for further proceedings in conformity with this opinion.[4]
NOTES
[1] The subrogation rights of the carrier for amounts it paid to plaintiff presumably were pursued pursuant to intercompany arbitration.
[2] Where a vehicle or other personal property has been used in business, our courts have allowed loss of use damages without a showing that a substitute has been rented. See, e.g., Jones v. Lahn, supra; Graves v. Baltimore & N.Y. RR. Co., supra; Luse v. Jones, 39 N.J.L. 707, 709-710 (E. & A. 1877).
[3] We have no occasion to determine what other types of evidence may be admissible to prove loss of use damages when no substitute vehicle has been rented.
[4] On remand defendant may pursue its claim that the time taken to repair plaintiff's automobile was unreasonably long and that it therefore should not bear responsibility for plaintiff's loss of use for that full time.