**Suzanne GANDOLFO, et al., Plaintiffs,**

v.

**U–HAUL INTERNATIONAL, INC., Defendant.**

**Civil Action No. 95–4393.**

United States District Court, D. New Jersey.

Dec. 19, 1996.

**560**

Hugh C. Welsh, Dughi & Hewit, Cranford, NJ, for Plaintiffs.

Joseph P. Buttafuoco, Buttafuoco, Karpf & Arce, Kearny, NJ, for Defendant.

## MEMORANDUM OPINION

WOLIN, District Judge.

Defendant U–Haul International, Inc. ("U–Haul") has moved to dismiss several of the plaintiffs' claims. First, U–Haul has moved to dismiss plaintiffs' claims for emotional distress and for punitive damages. Second, U–Haul has moved to dismiss the claims of Ingrid Chen, Michael Gandolfo, Suzanne Gandolfo, Chris Hansen, and Marianne Peterson for lack of subject matter jurisdiction, alleging that these plaintiffs fail to meet the $50,000 jurisdictional threshold amount. For the following reasons, defendant's motions to dismiss will be denied.

## BACKGROUND

On August 23, 1994, plaintiff Michael Gandolfo rented a truck from U–Haul to transport personal items belonging to himself, Ingrid Chen, Suzanne Gandolfo, Chris Hansen, and Marianne Peterson from California to New Jersey. On August 30, 1994, early in the morning, the truck mechanically malfunctioned in New Jersey. Michael Gandolfo contacted U–Haul, which sent its employee mechanic Karl Padilla to repair the vehicle. Padilla was unsuccessful.

U–Haul then arranged to tow the vehicle to its facility in Saddle Brook, New Jersey. When the vehicle arrived at the Saddle Brook facility, at about 3:00 a.m., U–Haul assured the plaintiffs that the vehicle and its contents would be safe. Padilla took Gandolfo to a nearby hotel. At about 8:30 a.m. Gandolfo received a telephone call from the Saddle Brook Police Department advising him that the truck was missing from defendant's Saddle Brook facility. All of the contents were missing and none have been recovered.

Each plaintiff claims losses due to property damage, emotional distress, inconvenience, and emotional instability. Suzanne Gandolfo claims property damage and other losses totaling $53,263 and $10,000 for mental anguish, inconvenience, and emotional instability. Michael Gandolfo claims property damage and other losses totaling $2,120.22 and $1,000 for mental anguish, inconvenience, and emotional damages. Marianne Peterson claims property damage and other losses totaling $55,295 and $10,000 for mental anguish, inconvenience, and emotional instability. Chris Hansen claims property damage and other losses totaling $30,767 and $10,000 for mental anguish, inconvenience, and emotional instability. Ingrid Chen claims property damage and other losses totaling $16,331 and $10,000 for mental anguish, inconvenience, and emotional instability. In addition, the plaintiffs claim they are entitled to $3,000 for moving expenses and the costs associated with this litigation.

## DISCUSSION

Currently before the Court are U–Haul's motions to dismiss: (1) plaintiffs' claims for emotional distress and for punitive damages, and (2) the claims of the various plaintiffs for lack of subject matter jurisdiction.

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of a complaint. *Sturm v. Clark,* 835 F.2d 1009, 1011 (3d Cir.1987). A complaint may be dismissed for failure to state a claim upon which relief may be granted if the facts pled and reasonable inferences drawn therefrom are insufficient as a matter of law to support the relief requested. *Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.,* 836 F.2d 173, 179 (3d Cir.1988). The Court must limit its consideration to the facts alleged in the complaint. *Biesenbach v. Guenther,* 588 F.2d 400, 402 (3d Cir.1978). Moreover, the Court must assume that the factual allegations and the inferences arising therefrom are true. *See Hishon v. King & Spalding,* 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). The motion can be granted only if it appears that

under no facts that could be proven would the plaintiff be entitled to relief. *D.P. Enterprises, Inc. v. Bucks County Community College,* 725 F.2d 943 (3d Cir.1984).

## A. Subject Matter Jurisdiction

### 1. Suzanne Gandolfo and Marianne Peterson

■■■■ Diversity jurisdiction requires an amount in controversy in excess of $50,000, exclusive of interest and costs. *Packard v. Provident Nat'l Bank,* 994 F.2d 1039, 1044 (3rd Cir.) (citing 28 U.S.C. § 1332(a)), *cert. denied,* 510 U.S. 964, 114 S.Ct. 440, 126 L.Ed.2d 373 (1993). The person asserting jurisdiction bears the burden of showing that the case is properly before the court. *Id.* The plaintiff's allegations on the face of the complaint are determinative if the claim appears to be made in good faith: "The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that . . . the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Id.* at 1045–46 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288–89, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938)). Jurisdiction is deemed to be proper unless it appears to a legal certainty that the claim does not exceed $50,000. *Id.* at 1046.

■■■ In this case, the damages alleged by plaintiffs Suzanne Gandolfo and Marianne Peterson on the face of the complaint as elaborated by their Response to Request for Damages are adequate to withstand defendant's motion to dismiss. Suzanne Gandolfo claims damages of $53,263 and Marianne Peterson claims damages of $55,295.[1] These plaintiffs not only have stated the amount of property damages that they seek to recover, but they have itemized the damages. There is no indication their claims are unreasonable

or were made in other than good faith. Consequently, the Court will deny defendant's motion to dismiss these claims.

### 2. Ingrid Chen, Michael Gandolfo, and Chris Hansen

Where a district court has original jurisdiction over one claim, the court may exercise supplemental jurisdiction over "all other claims" within the same case or controversy. 28 U.S.C. § 1367.[2] This supplemental jurisdiction extends to claims that involve the joinder of additional parties. *Id.*

The two Courts of Appeals that have addressed the issue have held that it is appropriate to exercise supplemental jurisdiction over a co-plaintiff's claim that does not satisfy the amount in controversy requirement. *See, e.g., Stromberg Metal Works, Inc. v. Press Mechanical, Inc.,* 77 F.3d 928, 931 (7th Cir.1996) (holding that district court can exercise supplemental jurisdiction over a co-plaintiff's claim that fails to meet the amount in controversy requirement); *In re Abbott Labs.,* 51 F.3d 524, 528–29 (5th Cir.1995) (holding that district court can exercise supplemental jurisdiction over claims of class members who do not meet the amount in controversy requirement); *see also Lindsay v. Kvortek,* 865 F.Supp. 264, 276 (W.D.Pa. 1994) (holding that district court can exercise supplemental jurisdiction over a co-plaintiff's claim that fails to meet the amount in controversy requirement). These courts reason that the language of section 1367 unequivocally confers jurisdiction on a district court over "*all* other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Stromberg Metal Works, Inc.,* 77 F.3d at 931; *In re Abbott Labs.,* 51

---

1. Although each alleges that she is also entitled to recover $10,000 for mental anguish, inconvenience, and emotional instability, the Court's finding as to whether these damages are recoverable does not affect the Court's analysis of its jurisdiction over these plaintiffs' claims, which are sufficient regardless of the additional damages.

2. Federal statute defines the Court's supplemental jurisdiction as follows:

[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367.

F.3d at 528–29; *Lindsay v. Kvortek,* 865 F.Supp. at 276.

Although the Third Circuit has not had an opportunity to reach the issue of whether exercising jurisdiction over claims that do not meet the jurisdictional amount is appropriate, the Third Circuit has indicated in dicta that such jurisdiction may be appropriate. *See, e.g., Packard,* 994 F.2d at 1045–46 n. 9.

The Court simply is not persuaded by the reasoning of the district courts that have refused to exercise supplemental jurisdiction over claims failing independently to satisfy the amount in controversy requirement, *e.g. Mayo v. Key Fin. Servs. Inc.,* 812 F.Supp. 277, 278 (D.Mass.1993); *Averdick v. Republic Fin. Servs., Inc.,* 803 F.Supp. 37, 45–46 (E.D.Ky.1992). These courts wrongfully rely on section 1367's legislative history to conclude that each supplemental claim must independently satisfy the amount in controversy requirement. Their reasoning is flawed because: (1) where the statute is clear the courts should not resort to legislative history; and (2) the legislative history of 1367 is not clearly at odds with the facial meaning of section 1367, *see In re Abbott Labs.,* 51 F.3d at 528–29. *See In re Continental Airlines, Inc.,* 932 F.2d 282, 287 (3d Cir.1991) (observing that the plain meaning of legislation should be conclusive except in the rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intention of its drafters).

■ In this case, the Court finds that it is appropriate to exercise supplemental jurisdiction over the claims of Ingrid Chen, Michael Gandolfo, and Chris Hansen, and will deny U–Haul's motion to dismiss these claims. The claims of Suzanne Gandolfo and Marianne Peterson meet the amount in controversy requirement. Thus, the exercise of supplemental jurisdiction over the claims of the other plaintiffs is appropriate under 28 U.S.C. § 1367. The Court will exercise jurisdiction over the claims of Ingrid Chen, Michael Gandolfo, and Chris Hansen, because these claims form part of the same case or controversy as the claims of Suzanne Gandolfo and Marianne Peterson.

■ The Court rejects also U–Haul's argument that this Court should dismiss the claims of Ingrid Chen, Michael Gandolfo, and Chris Hansen under the Court's discretionary authority to do so pursuant to 28 U.S.C. § 1367(c)(2). This provision provides that the district court may decline to exercise supplemental jurisdiction over a claim where that claim "substantially predominates over the claim or claims over which the district court has original jurisdiction." *Id.*

■ The "substantially predominates" standard allows a

> limited exception to the operation of the doctrine of pendent jurisdiction—a doctrine that seeks to promote judicial economy, convenience, and fairness to litigants by litigating in one case all claims that arise out of the same nucleus of operative facts.

*Borough of West Mifflin v. Lancaster,* 45 F.3d 780, 789 (3d Cir.1995). Because when a district court exercises its discretion not to hear claims under 1367(c)(2) the advantages of a single suit are lost, this provision should be invoked "only where there is an important countervailing interest to be served by relegating state claims to the state court." *Id.* The "substantially predominate" standard is not satisfied "simply by a numerical count" of the original and supplemental claims. *See id.*

U–Haul's argument that the supplemental claims at issue predominate because only two of the five plaintiffs in this action meet the jurisdictional amount flatly fails. Such a quantitative measure would disserve the substance of the rule. The Court finds that the interests of judicial economy, convenience, and fairness will best be served by exercising jurisdiction over the supplemental claims. In particular, the issue of U–Haul's alleged misfeasance is common to all of the plaintiffs' claims. Consequently, the Court declines to exercise its discretion to dismiss these claims.

## B. Damages for Emotional Distress

Since this case is before the Court on diversity, the Court must apply the substantive law of New Jersey. *Erie R.R. Co. v.*

*Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The substantive law of New Jersey is determined by the New Jersey Supreme Court, the highest court of the state. *Commercial Union Ins. Co. v. Bituminous Cas. Corp.,* 851 F.2d 98 (3d Cir.1988). Where the New Jersey Supreme Court has not addressed an issue, however, this Court must predict how that court would rule if now presented with the issue. *Adams v. Madison Realty and Development, Inc.,* 853 F.2d 163 (3d Cir.1988). In predicting the New Jersey Supreme Court response, lower appellate court decisions may be persuasive and constitute presumptive evidence of state law. *Commercial Union Ins. Co.,* 851 F.2d at 98. This presumption may be rebutted by evidence that the New Jersey Supreme Court would rule to the contrary. *See General Electric Credit Corp. of Tenn. v. Ger-Beck Mach. Co.,* 806 F.2d 1207 (3d Cir.1986).

The New Jersey Supreme Court has held that a plaintiff suing on a tort may recover all damages proximately caused by the injury. *Schroeder v. Perkel,* 87 N.J. 53, 432 A.2d 834 (1981). The New Jersey Supreme Court has also observed that tort damages are not limited to pecuniary losses which are capable of precise measurement, but include non-monetary consequences of a tort, such as personal humiliation and emotional anguish. *See Camaraza v. Bellavia Buick Corp.,* 216 N.J.Super. 263, 523 A.2d 669, 671 (Ct.App.Div.1987) (gathering authority). In an opinion emphasizing that the same basic principles of tort damages apply to both personal injuries and property losses, a lower appellate court held that inconvenience damages, including damages for the reduced enjoyment of recreational pursuits, were recoverable in a tort action concerning the loss of an automobile:

> We conclude that under the general principles of damages previously summarized a plaintiff should not be barred from recovery for loss of use of an automobile simply because he has not rented a substitute vehicle. Although such a plaintiff does not incur pecuniary loss in the form of rental payments for a substitute vehicle, he may suffer substantial personal inconvenience due to the lack of an automobile. He may

be forced to walk to work or to take inconvenient public transportation. He may be prevented from engaging in normal recreational pursuits or his enjoyment of those pursuits may be diminished. We conclude that such inconveniences caused by the wrongful conduct of a tortfeasor are compensable.

*Id.* The Court reads this case as presumptive evidence that the New Jersey Supreme Court would permit recovery of emotional damages proximately caused by property loss.

Consequently, in this case, the Court will deny U-Haul's motion to dismiss plaintiffs' claims for emotional and punitive damages. Dismissal of plaintiffs' claims for emotional damages is inappropriate. Plaintiffs may later establish that they have suffered emotional damages as a consequence of the U-haul's negligence. And, as discussed above, these damages may be recoverable in an action in tort for property loss. Thus, dismissal of plaintiffs' claims for emotional damages is not appropriate. The Court will not address the issue whether punitive damages would be appropriate in this action, because plaintiffs have not claimed a right to punitive damages.

### CONCLUSION

For the foregoing reasons, the Court will order that defendant U-Haul's motions to dismiss be denied.