885 A.2d 521 (2005)
381 N.J. Super. 281
PREMIER XXI CLAIMS MANAGEMENT, As Assignee of Express Car and Truck Rental, Plaintiff-Appellant,
v.
Joshua RIGSTAD, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted September 27, 2005.
Decided November 15, 2005.
Reilly, Janiczek & McDevitt, attorneys for appellant (Matthew J. Brasch, on the brief).
Gregory J. Sutton, San Antonio, TX, attorney for respondent (Yvette D. Cooper, on the brief).
Before Judges COBURN, COLLESTER and LISA.
The opinion of the court was delivered by
COBURN, P.J.A.D.
After a traffic accident, plaintiff sued for damages to its automobile. Defendant admitted liability, and the case was submitted to the judge on a stipulated statement of facts. Plaintiff contended that it was entitled to damages measured by the difference between the automobile's value immediately before and after the *522 accident. Defendant contended that plaintiff's damages should be limited to the cost of repair. The judge agreed with defendant, and plaintiff appeals.
The automobile's value was $20,825 immediately before the accident and $4,500 immediately afterward. The reasonable cost of repair was $11,762.82, which defendant paid, and plaintiff received without prejudice to maintaining the claim for what plaintiff considered to be the total loss. Plaintiff chose not to repair the automobile, and instead sold it for the $4,500. Consequently, plaintiff demanded judgment in the amount of $4,562.18, calculated as follows: $20,825 (the value before the accident)$4,500 (the value after the accident)$11,762.82 (the amount paid by defendant). Defendant had also paid $900 for loss of use.
"The general primary rule is that, in the absence of the total destruction of an automobile the measure of damages is the difference in its value immediately before and after the injury." Jones v. Lahn, 1 N.J. 358, 362, 63 A.2d 804 (1949) (citing Hintz v. Roberts, 98 N.J.L. 768, 121 A. 711 (E. & A.1923)). Initially our courts admitted the cost of repair only as proof of the difference in value. Hintz expressed the rule in this manner:
No doubt, evidence of the amount paid for repairing the damaged automobile, as well as evidence of the reasonable value of such repairs, made necessary by the injury, and required to restore the car substantially to its former condition, was competent as tending to show the difference in value immediately before and immediately after the injury. But if the car was rendered, by reason of repairs, more valuable than it was before the injury, then, of course, the full expenditure for repairs should not be at the expense of the defendant. On the other hand, if, by reason of the injury, the automobile was rendered incapable of being made by repairs as valuable as it was immediately before the injury, the plaintiff should not be required to lose this deterioration.
[Hintz, supra, 98 N.J.L. at 770, 121 A. 711 (emphasis added) (citation omitted).]
Two decades later, the Court of Errors and Appeals held that subject to the specific repair rules stated in Hintz, the "damages sustained by an automobile in a collision may be established by showing the reasonable costs of repairs...." Parisi v. Friedman, 134 N.J.L. 273, 274, 46 A.2d 808 (E. & A.1946). And in Fanfarillo v. East End Motor Company, 172 N.J.Super. 309, 313-14, 411 A.2d 1167 (App.Div.1980), we applied the principles set out in Hintz and held that when the cost to repair a vehicle is proven, but there exists additional proof showing that even with the repair, the vehicle has depreciated, plaintiff is entitled to the reasonable cost of repair plus the depreciation, if any. More specifically, we said this:
The evidence here showed that the value before the theft was $7,900 and after the theft $5,000, a difference of $2,900. There was also evidence that the vehicle as repaired was worth only $7,500, so that the jury could have found total damages to the vehicle of $2,313 ($1,913 for the cost of repair and $400 depreciated value).
[Id. at 314, 411 A.2d 1167.]
In the Restatement (Second) of Torts: Damages § 928 (1979), the rule is expressed in this manner:
When one is entitled to a judgment for harm to chattels not amounting to a total destruction in value, the damages include compensation for
(a) the difference between the value of the chattel before the harm and the value after the harm or, at his election *523 in an appropriate case, the reasonable cost of repair or restoration, with due allowance for any difference between the original value and the value after repairs, and
(b) the loss of use.
[Emphasis added.]
Finally, we must remember that "the sundry rules for measuring damages are subordinate to the ultimate aim of making good the injury done or loss suffered and hence `The answer rests in good sense rather than in a mechanical application of a single formula.'" N.J. Power & Light Co. v. Mabee, 41 N.J. 439, 441, 197 A.2d 194 (1964) (citation omitted).
The trial judge in the present case described plaintiff's decision not to repair the vehicle as unreasonable and asserted that "[a]s a result of this unreasonable decision, there is no way to calculate the difference in value of the automobile before the accident and after the repairs are completed." Consequently, he limited plaintiff's damages, apart from the loss of use, as to which there was no dispute, to the cost of repair. But no New Jersey case mandates that a plaintiff make repairs, and, indeed, in New Jersey Power & Light Co., supra, 41 N.J. at 442, 197 A.2d 194, the Court observed that "[a]n injured party should not be required to lay out money...." Moreover, the value of a vehicle after repair can obviously be determined based on opinion testimony without actually performing the repairs.
It appears that the judge was influenced by a statement appearing in Associated Metals and Minerals Corp. v. Dixon Chemical & Research, Inc., 68 N.J.Super. 305, 172 A.2d 237 (Ch.Div.1961), vacated in part on other grounds, 82 N.J.Super. 281, 197 A.2d 569 (App.Div.1963), on remand, 83 N.J.Super. 263, 199 A.2d 394 (Ch.Div.), certif. denied, 42 N.J. 501, 201 A.2d 580 (1964), and by a portion of the model jury charge. In Associated Metals, without citing any authority, the trial court suggested the following limitation on a plaintiff's right of recovery:
[I]f the property is not substantially destroyed and the injury is susceptible of repair at a reasonable expense, and the property can be repaired at less expense than the difference in its value before and after injury, then this repair expense is to be taken as the measure of damages.
[Id. at 315, 172 A.2d 237.]
A slightly reworded version of that statement appears in Civil Charge 6.17, DAMAGES-PERSONAL PROPERTY (Approved 3/75):
If the (personal[t]y involved) is not substantially damaged and it can be repaired at a cost less than the difference between its market value before and its market value after the damage occurred[,] the plaintiff's damages would be limited to the cost of the repairs.
Associated Metals and the model charge are inconsistent with the case law cited above, which clearly indicates that making repairs at a reasonable cost may still leave the vehicle in a less valuable condition than immediately before the accident. When that is the case, a plaintiff is entitled to prove his full damages by proving the cost of repair and the depreciated value after repair, or as was done here, by showing the value of the vehicle immediately before and after the accident. If defendant believed that repairing the car would restore the vehicle to its pre-accident value, it was obliged to prove the point. Since no such evidence was offered, plaintiff was entitled to the additional $4,562.18. Accordingly, the judgment must be amended to include that amount.
*524 Reversed and remanded for amendment of the judgment.