NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4128-17T4

CERTAIN UNDERWRITERS AT
LLOYDS SUBSCRIBING TO
POLICY PLH-0013397, as
subrogee of Laura Lindsey,

      Plaintiff,

v.

PUBLIC SERVICE ELECTRIC
AND GAS,

      Defendant-Respondent.

_____

| APPROVED FOR PUBLICATION |
| :---: |
| **June 17, 2019** |
| **APPELLATE DIVISION** |

HOMESITE INSURANCE COMPANY,
as subrogee of Rose Dun,

      Plaintiff,

v.

PUBLIC SERVICE ELECTRIC
AND GAS,

      Defendant-Respondent.

_____

RONALD SLEET and JUANITA
SLEET,

      Plaintiffs-Appellants,

v.

PUBLIC SERVICE ELECTRIC
AND GAS,

     Defendant-Respondent.

_____

LAURA LINDSEY,

     Plaintiff-Appellant,

v.

PUBLIC SERVICE ELECTRIC
AND GAS,

     Defendant-Respondent.

_____

LAUREN LINDSEY,

     Plaintiff-Appellant,

v.

PUBLIC SERVICE ELECTRIC
AND GAS,

     Defendant-Respondent.

_____

HOMESITE INSURANCE COMPANY,
as subrogee of Irwin Author,

     Plaintiff,

v.

PUBLIC SERVICE ELECTRIC
AND GAS,

  Defendant/Third-Party
  Plaintiff-Respondent,

v.

DAVEY TREE EXPERT
COMPANY,

  Third-Party Defendant.
_____

> Argued June 4, 2019 – Decided June 17, 2019
>
> Before Judges Fisher, Suter, and Enright.
>
> On appeal from Superior Court of New Jersey, Law Division, Burlington County, Docket Nos. L-2040-14, L-2041-14, L-2402-14, L-2405-14, L-1918-15 and L-0752-16.
>
> Robert F. Rupinski argued the cause for appellants.
>
> Robert T. Gunning argued the cause for respondent (Morrison Mahoney LLP, attorneys; Robert T. Gunning, on the brief).

The opinion of the court was delivered by

FISHER, P.J.A.D.

In this appeal, we examine the scope of available damages when a defendant's negligence has caused a homeowner to be displaced; that is, we consider whether a homeowner's damages are limited to the cost of alternate

shelter or whether the homeowner may also seek additional damages based on a broader concept of inconvenience. In adhering to the legal concepts expressed in <u>Camaraza v. Bellavia Buick Corp.</u>, 216 N.J. Super. 263, 265 (App. Div. 1987), where we held a motor vehicle owner's damages were not necessarily limited to the rental cost of a replacement, and in expanding <u>Camaraza</u> to claims other than those involving the loss of use of a motor vehicle, we reverse the summary judgment entered in favor of the defense and remand for trial.

In February 2014, a winter storm caused a high-voltage power line in Willingboro belonging to defendant Public Service Electric and Gas (PSE&G) to fall and ignite fires in plaintiffs' homes; they were displaced from their homes for ten months.

Plaintiffs filed this action against PSE&G. Their homeowners insurance carriers reimbursed plaintiffs for the repair costs and the incidental expenses generated by their extended stays in motels during their displacement, but their suits also sought damages for the loss of use of their homes, as well as emotional distress, and personal injuries.[1]

---

[1] Plaintiffs consented to a dismissal of all but the loss of use claim on the motion's return date.

In managing the case, the trial judge bifurcated the issues and first considered PSE&G's liability. In January 2018, a jury found PSE&G liable for the occurrence. A month later, PSE&G moved for summary judgment, arguing plaintiffs were undamaged beyond the compensation provided by their insurers. The motion judge agreed and entered judgment for PSE&G. Plaintiffs appeal, arguing the judge erred in concluding they were not entitled to damages for the loss of use of their property or their inconvenience. We agree plaintiffs were entitled to further pursue these claims and, therefore, reverse.

The error that led to the summary judgment under review arises from the judge's misapprehension of our holding in Camaraza, where the plaintiff's vehicle was stolen while being repaired by the defendant. Ibid. We recognized that the plaintiff, who chose not to rent a substitute vehicle, could pursue a claim for his inconvenience, which would include damages not only for the loss of the vehicle's use during the reasonable time needed for repairs, see also Graves v. Balt. & N.Y. Ry. Co., 76 N.J.L. 362, 364 (Sup. Ct. 1908), but also for the owner's exclusion from "normal recreational pursuits or [diminished] enjoyment of those pursuits" proximately caused by the defendant. Camaraza, 216 N.J. Super. at 267. Property owners, we recognized, may be damaged by more than just repair costs when unable to make use of their property. And, so, we took a broader

view than some other jurisdictions, concluding that "the degree of inconvenience for loss of use of an automobile will vary depending upon the individual circumstances of the plaintiff"; the trier of fact, we said, "should be permitted to consider the individual circumstances of a plaintiff in determining loss of use damages." Id. at 268. While holding that the rental value of unavailable property is admissible and is a considerable aid in quantifying the loss of use, see Jones v. Lahn, 1 N.J. 358, 362 (1949), that evidence is not conclusive; a property owner may also pursue damages that exceed the mere rental value of the vehicle during its unavailability. See also MCI WorldCom Network Servs. v. Glendale Excavation Corp., 224 F. Supp. 2d 875, 880-81 (D.N.J. 2002).

So, in adhering to Camaraza and extending its holding to homeowners, we conclude that the mere fact that plaintiffs were provided motel rooms and reimbursed meal and transportation costs by their insurance carriers did not foreclose their right to seek other damages resulting from the loss of the use of their homes or any other reasonable damages caused by the inconvenience. Damages in such circumstances "are not limited to pecuniary losses which are capable of precise measurement." Camaraza, 216 N.J. Super. at 266.[2]

_____

[2] Muise v. GPU, Inc., 371 N.J. Super. 13 (App. Div. 2004), on which PSE&G greatly relies, is inapposite and should not be understood as undercutting

We also reject PSE&G's argument that plaintiffs' inconvenience claims were not adequately supported. Plaintiffs elaborated on the impact of displacement at their depositions. The Lindseys, for example, testified they had to move on multiple occasions due to insurance issues; their inconvenience included the moving of oxygen tanks for the seventy-eight-year-old Laura Lindsey, who suffered from chronic obstructive pulmonary disease. The family was motel-bound over the Thanksgiving holiday. And Laura Lindsey was without personal items of sentimental value to her in her last days; she died prior to trial. Lauren Lindsey, Laura's daughter, had to share a motel room with her fiancé and seven-year-old son, and she prematurely gave birth to another child during the time of displacement, generating further inconvenience during the infant's lengthy hospitalization.

The Sleets described how they were stuck depending on fast-food chains for most meals because their motel lacked a full-service kitchen. Juanita Sleet attempted to replicate their prior existence and bought several kitchen

_____

Camaraza. To the contrary, we there held – in affirming an order that decertified a class action – that damages based on class members' loss of use or inconvenience because of a power outage were "dependent . . . on their individual circumstances." Id. at 63-64. That ruling reinforces the notion – underlying Camaraza – that damages based on loss of use or inconvenience are largely unique to the plaintiff and ultimately turn on the factfinder's view of each plaintiff's circumstances.

appliances to make some meals in the motel; she claimed it wasn't the same. And, because she was displaced, Juanita could not have her mother, then residing in a nursing home, visit her residence; her mother died before the Sleets were able to return to their home. Ronald Sleet alleged his sleep was affected; he claimed the motel bed was not the same quality as his at home, and the sounds of trucks, kids running in hallways, and motel doors slamming at all hours – compared to his peaceful home on a cul-de-sac – disrupted his normal routine. All plaintiffs claimed they expended time and incurred additional expenses uncovered by insurance when periodically traveling to check on their homes.

Of course, PS&G remains free to argue that some or all of these damages may represent "more than fair indemnity" or may be "so extravagant" as to "outrun the bounds of reason." Brooklyn E. Dist. Terminal v. United States, 287 U.S. 170, 176 (1932). We recognize only the applicability of these principles to the matter at hand; we express no view on the compensability of plaintiffs' damage claims. That's for a jury to decide.

The order of summary judgment is reversed and the matter remanded for trial. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4128-17T4